UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>    Defendant. | Case No. 13-cv-02502-WHO<br><br>**ORDER DENYING MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 26 |

Currently before the Court are defendant's motions to dismiss and for a more definite statement. The motions are set for hearing on November 6, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motions.

## BACKGROUND

Plaintiff Largan Precision Co, Ltd. filed this patent infringement action on June 4, 2013, alleging that defendant Genius Electronic Optical Co., Ltd. is infringing five Largan patents that cover imaging lens systems. Largan alleges that "many imaging lenses from Genius, including lenses incorporated into products of Apple such as the iPhone 5 and iPad mini incorporate the inventions of one or more Largan patents." Complaint ¶ 8. As to direct infringement, Largan alleges that Genius infringes its patents through "the making, using, sale, offer for sell, or importation of its products, including without limitation an imaging lens used" in Apple's iPhone 5 and iPad mini. Complaint, ¶¶ 17, 24, 31, 38, and 45.

As to indirect, induced infringement, Largan alleges that Genius has "induced infringement by inducing others, including without limitation Apple, cellular service providers, distributors, and end users, to make, use, sell, offer for sale, or import the accused devices in the United States and this District." *See, e.g.*, Complaint ¶ 18. Largan also alleges that, "[o]n information and belief, Genius also has provided marketing materials, technical specifications, or other materials that

1  instruct and encourage the purchaser of an accused device to use the device in a manner that
2  infringes certain claims" of its patents.  *See, e.g., id.*

3  As to indirect, contributory infringement, Largan alleges that Genius "has contributed to
4  the infringement of others, including without limitation Apple, cellular service provides,
5  distributors, and end users, by offering to sell, selling, or importing within this District and the
6  United States an imaging lens component constituting a material part of a patented optical system,
7  knowing the same to be especially made or especially adapted for use in the infringement" of its
8  patents, "and not a staple article of commerce suitable for substantial non-infringing use." *See,*
9  *e.g.,* Complaint ¶ 19.

10  Genius moves for a more definite statement under Federal Rule of Civil Procedure 12(e) as
11  to Largan's direct infringement claims, arguing that Largan has failed to specify which, if any, of
12  Genius's alleged activities take place in the United States.  Genius also moves to dismiss under
13  Federal Rule of Civil Procedure 12(b)(6) plaintiff's indirect infringement claims, arguing that the
14  Complaint fails to allege adequate facts showing Genius had knowledge of infringement and
15  specific intent to induce others to infringe.  Largan opposes the motions, contending the
16  Complaint alleges sufficient facts to support its direct and indirect infringement allegations.

17  **LEGAL STANDARD**

18  Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite
19  statement of a pleading to which a responsive pleading is allowed but which is so vague or
20  ambiguous that the party cannot reasonably prepare a response."  Rule 12(e) motions should be
21  granted only on those "rare occasions" when a complaint is so vague or so ambiguous that a party
22  has insufficient information to prepare its response.  *See, e.g., Bautista v. Los Angeles Cnty.*, 216
23  F.3d 837, 843 fn 1. (9th Cir. 2000).

24  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
25  if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to
26  dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
27  face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when
28  the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

## DISCUSSION

### I. MOTION FOR A MORE DEFINITE STATEMENT ON DIRECT INFRINGEMENT

Genius argues that a more definite statement of Largan's direct infringement allegations is required. While Largan's pleading follows Form 18 of the Federal Rules of Civil Procedure, Genius contends the Complaint is nonetheless vague and ambiguous as it fails to provide fair notice of which of Genius's alleged activities – the making, selling, offering for sale, or importing the accused products – take place in the United States. Motion at 12.

Genius recognizes that under recent Federal Circuit case law, "a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714

3

F.3d 1277, 1283 (Fed. Cir. 2013); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("As long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement."). Genius does not point out any deficiencies in Largan's Complaint under Form 18. Genius, instead, argues that Largan's "bare bones pleadings" regarding what activities took place in the United States by Genius, a foreign corporation, provide it insufficient notice of what activity it is being accused of. Motion at 13 (relying on *K-Tech*, 714 F.3d at 1284 ["Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement."]).

Largan's complaint is clear about the activity Genius is accused of: "the making, using, sale, offer for sell, or importation of its products, including without limitation an imaging lens" used in Apple's iPhone 5 and iPad mini. Complaint, ¶¶ 17, 24, 31, 38, and 45. That is sufficient under Rule 12(e) to put Genius on notice and allow Genius to answer or otherwise defend this case. The fact that Larson has not alleged specific facts showing that each prong of conduct alleged – the making, using, selling, offering to sell and importation – occurred in the United States does not mean the Complaint is vague and ambiguous. Genius knows what the allegations are and knows (presumably) what its conduct was so that it can adequately prepare its defense.[1] That is all that Rule 12(e) requires.

## II. MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS

Genius also moves to dismiss both the induced and contributory indirect infringement allegations.[2]

---

[1] Genius's reliance on *Advanced Analogic Technologies, Inc. v. Kinetic Technologies, Inc.,* C-09-1360 MMC, 2009 WL 1974602 (N.D. Cal. July 8, 2009), does not support its Rule 12(e) argument. In *Advance Analogic Technologies* the Court *dismissed* a complaint under 12(b)(6) for failure to allege infringement in the United States. Here, Largan alleges conduct occurring in the United States. *See* Complaint, ¶¶ 5-6.

[2] "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). Under 35 U.S.C. § 271(c), a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a component of

4

### A. Knowledge

As to both the induced and contributory infringement claims, Genius argues that Largan's Complaint does not adequately plead facts showing that Genius knows that its or Apple's products are covered by and infringe Largan's patents, or that Genius knows that the Apple products in which its lenses are allegedly incorporated are ever used, sold, offered for sale, or imported in the United States. As the Federal Circuit explained in *In re Bill of Lading*, to survive a motion to dismiss, a complaint "must contain facts plausibly showing that [defendant] specifically intended their customers to infringe the [] patent[s] and knew that the customer's acts constituted infringement. This does not mean, however, that [plaintiff] must prove its case at the pleading stage." 681 F.3d at 1339. Moreover, "all reasonable inferences" must be made "in favor of the non-moving party." *Id*. at 1340.

Largan responds that it placed Genius on notice of its infringement of the patents-in-suit by an April 2, 2013 letter, which included claim charts identifying each patent claim alleged to be infringed by Genius's lenses in the Apple iPhone 5 and iPad Mini. Complaint, ¶ 9; *see also* Exhibit A to the Declaration of Laura K. Mullendore (April 2, 2013 letter and claim charts) [Docket No. 29 & 29-1]. Genius does *not* argue that the April 2013 letter and claim charts failed to provide it with sufficient information to put it on notice of Largan's claims. Similarly, Genius does not argue that if the April 2013 letter and claim charts were incorporated into the Complaint, the Complaint would be still deficient. Instead, Genius argues that Largan's reference to letter and claim charts in the Complaint is insufficient because Largan did not describe in detail the contents of the letter and claim charts in the Complaint itself. *See* Reply Br. at 1-2.

The Court disagrees with Genius. The letter and claims charts are explicitly referenced in the Complaint and, therefore, are incorporated by reference. *See, e.g., Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The letter and claim charts appear to explain in detail how Genius's lenses, incorporated into the two identified Apple products, read on the claims of the patents-in-suit. *See* Exhibit A to the Mullendore Decl. This is not a situation as in *Bascom*

---

an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."

5

*Research LLC v. Facebook, Inc.*, C 12-6293 SI, 2013 WL 968210, *5 (N.D. Cal. Mar. 12, 2013), where the complaint was devoid of allegations setting forth the similarities between the method claims of the patents-in-suit and the defendants' products. Instead, this is more similar to *Pagemelding, Inc. v. ESPN, Inc.*, C 11-06263 WHA, 2012 WL 2285201 (N.D. Cal. June 18, 2012), where the complaint identified the third-party users of the allegedly infringing websites and facts supporting defendants' knowledge that the third parties were using the infringing websites. When read in conjunction with the April 2, 2013 letter and claim charts, the facts in the Complaint reasonably support Largan's contention that Genius knew that Apple was using the allegedly infringing apparatus.[3]

Genius also argues that Complaint is devoid of facts to support an inference that Genius (a Taiwanese company) has any knowledge that its imaging lenses are used, sold, offered for sale or imported into the United States. Largan alleges that Genius's products are incorporated into Apple's iPhone 5 and iPad mini (Complaint ¶¶ 5, 8), that Apple is based in this District, and that Genius regularly places its products within the stream of commerce "with knowledge, understanding, and desire that such products will be sold in this forum and throughout the United States." *Id*. ¶ 5. Finally, Largan alleges that "on information and belief" Genius or its agents have "employees in and/or regularly send employees to Cupertino, California to meet with Apple." *Id*.[4]

The Court finds, that at this juncture, Largan has sufficiently alleged Genius's knowledge

---

[3] Defendant relies on *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1351 (Fed. Cir. 2012), as an example of the specificity the Federal Circuit requires for induced infringement allegations. However, *In re Bill of Lading* dealt with method claims, not the narrower apparatus claim at issue here. In method claims, courts reasonably require facts – from alleged infringers' advertisements or other sources – to support an inference that alleged infringers knew their customers would be using a *method* that covers the patent at issue. *See, e.g., Pragmatus AV, LLC v. TangoMe, Inc.*, CIV.A. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) (complaint insufficient because contained "no factual allegations, for example, about the nature of the relationship between Defendant and its users, nor about how the use of Tango video conference services and products relates to the patented methods referenced in the claims of the patents-at-issue."); *CreAgri, Inc. v. Pinnaclife, Inc.*, 5:11-CV-06635-LHK, 2013 WL 11569 (N.D. Cal. Jan. 1, 2013). More importantly, here, the Court finds that the facts alleged in the April 2013 letter and claim charts rises to the same level of specificity the complaint in *In re Bill of Lading* provided.

[4] Relying on facts outside of the pleadings, Genius argues that Genius is not Apple's sole supplier of imagine lenses, and that Largan is also a supplier. Reply Br. at 4-5. Genius also argues that some Apple iPhone 5's are not sold in the United States. *Id*.

that its products would be used in products sold by Apple in the United States. Genius may, on a motion for summary judgment introduce *evidence* that disputes whether Genius knew its products were included in Apple products sold in the United States. However, drawing all reasonable inferences in Largan's favor, the allegations regarding Genius's knowledge that its lenses would be incorporated into products sold in the United States are plausible and adequately pled.

### B. Specific Intent for Induced Infringement

Genius argues that the Complaint also fails to allege any acts by Genius that would demonstrate its intent for Apple or others to infringe Largan's patents. Specifically, Genius contends that the Complaint lacks any facts about the relationship between Genius and Apple to support an inference that Genius intended that Apple use its lenses in an infringing manner other than that Apple is a "direct or indirect" customer of Genius (Complaint ¶ 5). Genius also asserts that Largan cannot rely on its allegation that Genius provided unspecified "marketing materials, technical specifications, or other materials that instruct and encourage the purchaser of an accused device to use the device in a manner that infringes" in order to demonstrate intent because Largan fails to identify those materials with any specificity.

In reviewing adequacy of intent allegations, the Court should not only draw all reasonable inferences in favor of Largan, but should also consider the allegations in the complaint as a whole and the facts alleged in "the context of the technology disclosed in the" patents and "the industry" to which the alleged infringers "sell and tout their products." *In re Bill of Lading*., 681 F.3d at 1340. Of particular importance to the analysis here is the fact that Largan has accused Genius of selling lenses that infringe specific claims of the patents-in-suit, that Genius's lenses are alleged to be sold with Genius's knowledge to Apple (either directly or indirectly) for incorporation into two identified Apple product lines, and that there are no alleged non-infringing uses of the lenses. In this context, the Court finds that Largan's allegations as to intent are plausible and adequately pled.[5]

---

[5] As one of the cases relied on by Genius explains, intent is sufficiently pled where plaintiff: "(1) provided the defendant with written notice that certain accused products infringed the patent-in-suit; (2) identified the general group of direct infringers who were asserted to have infringed the patent; and (3) set out facts explaining how the defendant was alleged thereafter to have interacted

7

1    Largan is not required at the pleading stage to spell out at the exact details of the
2    relationship between Genius and Apple to make the allegations regarding intent plausible. The
3    allegations that two of Apple's products contain the infringing lenses, that Genius was notified of
4    the fact that the lenses infringe, and that Genius continued to sell the lenses – directly or indirectly
5    –suffice.  As noted above, Genius's reliance on method patent casesand on cases where an
6    apparatus may have non-infringing uses are inapposite.  In the context of those cases, additional
7    facts were required to adequately allege that the infringer *intended* that its product be used by
8    third-parties in an infringing *manner*.[6]  That showing is not required for the narrow apparatus
9    infringement claims asserted here.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss and Motion and for a More Definite Statement are DENIED.

**IT IS SO ORDERED**.

Dated: November 4, 2013



WILLIAM H. ORRICK
United States District Judge

---

[footnote continued] with those direct infringers in a way that would prompt the reasonable inference that defendant encouraged the direct infringer to continue to infringe the patent." *Advanced Optical Tracking, LLC v. Koninklijke Philips N.V.*, CV 12-1292-LPS-CJB, 2013 WL 4786463, *4 (D. Del. Sept. 9, 2013) report and recommendation adopted sub nom. *Advanced Optical Tracking, LLC v. Koninklijke Philips Electronics N.V.*, CV 12-1292-LPS-CJB, 2013 WL 5486857 (D. Del. Sept. 30, 2013).  In *Optical Tracking*, the Court found allegations that "agreements" mandated third parties to "manufacture, supply and distribute the accused products," sufficient to plead intent.  *Id*. at *5.

[6] *See, e.g., Pagemelding, Inc. v. ESPN, Inc.*, C 11-06263 WHA, 2012 WL 2285201 (N.D. Cal. June 18, 2012) (sufficient allegations that "ESPN intended third-parties to use the websites that are alleged to be infringing"); *Pragmatus AV, LLC v. TangoMe, Inc.*, CIV.A. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) (complaint insufficient because lacked facts "about the nature of the relationship between Defendant and its users, nor about how the use of Tango video conference services and products relates to the patented methods referenced in the claims of the patents-at-issue."); *see also Grobler v. Sony Compuer Entm't Am. LLC*, 5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ("to survive a motion to dismiss, Grobler must include some factual allegations that could establish that Sony knew not just that Grobler had the ′084 Patent, but that Sony's customers' downloading of rental movies would infringe the ′084 Patent.").

United States District Court
Northern District of California