1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    LARGAN PRECISION CO, LTD,                    Case No.  13-cv-02502-JD
                         Plaintiff,
8                                                 ORDER ON SUPPLEMENTAL CLAIM
            v.                                    CONSTRUCTION BRIEFING
9
     GENIUS ELECTRONIC OPTICAL CO.,               Re: Dkt. Nos. 64, 65
10   LTD.,
11                       Defendant.

12          On June 4, 2014, Defendant Genius Electronic Optical Co., Ltd. ("Genius") filed a

13   Statement of Recent Decision Regarding Indefiniteness Under 35 U.S.C. § 112, ¶ 2, attaching the

14   Supreme Court's June 2, 2014 decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct.

15   2120 (2014).  Dkt. No. 64.  At the telephonic status conference that was held on June 6, 2014,

16   Genius requested that it be permitted to submit an expert declaration on claim construction in light

17   of the *Nautilus* decision.  Dkt. No. 65.  The Court took Genius's request under submission, and

18   now denies it.

19          Several factors weigh against Genius's request.  As an initial matter, our district has strict

20   rules that require all discovery relating to claim construction, including any depositions of experts,

21   to be completed within 30 days after service and filing of the Joint Claim Construction and

22   Prehearing Statement.  *See* Patent L.R. 4-4.  The parties followed this rule and expressly agreed in

23   the Joint Claim Construction and Prehearing Statement that "no expert witnesses will be used for

24   claim construction."  Dkt. No. 35 at 8.

25          The *Nautilus* decision does not justify allowing Genius to renege on this agreement or

26   depart from the local rules.  Genius itself characterized the "change in law" in *Nautilus* as follows:

27   "In *Nautilus*, . . . [t]he Court held that definiteness under Section 112, Paragraph 2 requires 'that a

28   patent's claims, viewed in light of the specification and prosecution history, inform those skilled

United States District Court
Northern District of California

in the art about the scope of the invention with reasonable certainty.'" Dkt. No. 64 at 1 (citing *Nautilus*, No. 13-369, slip op. at 11). But Genius already briefed this same standard in the responsive claim construction brief it filed on April 4, 2014. *See* Dkt. No. 40 at 6 (arguing that a claim is "invalid for indefiniteness if 'a person of ordinary skill in the art [can]not determine the bounds of the claims'") (citing *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008)). And Genius had already concluded that reliance on *Halliburton* did not require expert witness testimony. The fact that *Nautilus* adopted the *Halliburton* standard does not suddenly re-arrange the landscape to permit opening expert discovery and testimony. In addition, the parties are well down the road in this case and the extra time required to allow for experts would unnecessarily delay progress toward resolution.

As stated at the June 6, 2014 status conference, the Court will permit both sides to submit supplemental claim construction briefs of 10 pages or less (per side), applying *Nautilus* to the facts of this case. Both parties are directed to file their supplemental briefs on or before June 19, 2014. No expert testimony is permitted.

**IT IS SO ORDERED.**

Dated: June 12, 2014

_____
JAMES DONATO
United States District Judge