UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD, <br><br>    Plaintiff,<br><br>    v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>    Defendant. | Case No. 13-cv-02502-JD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. No. 70 |

Defendant Genius Electronic Optical Co., Ltd. ("Genius") has filed an Administrative Motion to File Under Seal its Supplemental Claim Construction Brief and Exhibit 1 thereto. Dkt. No. 70. Genius states that both of these documents contain information that is confidential and proprietary to Genius. Plaintiff Largan does not oppose Genius's motion to seal.

**I. GOVERNING STANDARD**

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id*. at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

## II. DISCUSSION

The sealing request here is made for a claim construction brief that is not connected to a pending summary judgment motion. This Court has previously ruled that under these circumstances, the claim construction brief is treated as a non-dispositive motion, and that applying the "good cause" standard is appropriate. *See* Dkt. No. 57 at 2; *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (general rule is that "good cause" standard "applies to documents attached to motions that are nominally non-dispositive").

With respect to Genius's Supplemental Claim Construction Brief, Genius seeks the sealing of a total of eighteen lines (less than one page), out of a ten-page brief. The material Genius seeks to seal consists of an image, magnified line drawings and text which reflect technical information regarding the design of Genius's products. Among other things, Genius asserts that this material is confidential and proprietary to Genius, and that its disclosure could harm Genius's ability to compete in the optical lens marketplace. The Court finds that good cause has been shown to seal this material, and that the minimal redactions sought by Genius are narrowly tailored to seek the

2

1  sealing only of sealable material.

2  With respect to Exhibit 1 to the Supplemental Claim Construction Brief, which comprises
3  excerpts from Exhibit D to plaintiff Largan's Disclosure of Asserted Claims and Infringement
4  Contentions, Genius seeks to seal the exhibit because it contains images of a Genius lens system.
5  Genius asserts that these images are confidential and proprietary, as they reflect technical
6  information regarding the design of its products.  Genius seeks limited redactions of the images,
7  rather than to seal Exhibit 1 in its entirety.  The Court finds that good cause has been shown to seal
8  this material, and that the redactions sought by Genius are narrowly tailored to seek the sealing
9  only of sealable material.

## III. CONCLUSION

The Court therefore grants Genius's Administrative Motion and orders sealing as follows.

| Document | Portion(s) To Be Filed Under Seal |
|---|---|
| Genius Electronic Optical Co., Ltd.'s Supplemental Claim Construction Brief | Page 6, ll. 1-18. |
| Exhibit 1 to Genius Electronic Optical Co., Ltd.'s Supplemental Claim Construction Brief | Images on pp. 2-13. |

**IT IS SO ORDERED**.

Dated: October 16, 2014

_____
JAMES DONATO
United States District Judge