United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARGAN PRECISION CO, LTD,

          Plaintiff,

    v.

GENIUS ELECTRONIC OPTICAL CO.,
LTD.,

          Defendant.

Case No.  13-cv-02502-JD

**ORDER GRANTING IN PART AND
DENYING IN PART LARGAN'S
ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 90

      Plaintiff Largan Precision Co., Ltd. ("Largan") has filed an Administrative Motion to File Under Seal certain information in its Reply in Support of Its Motion for Leave to Amend Infringement Contentions and its supporting exhibits.  Dkt. No. 90.  Largan claims that the motion and its exhibits contain information that has been designated as "Highly Confidential - Attorneys' Eyes Only."  Dkt. No. 90-1 ¶ 3.

      Pursuant to Civil Local Rule 79-5, defendant Genius Electronic Optical Co. ("Genius") submitted a declaration seeking to establish that some of the designated material is sealable.  Dkt. No. 93.  Attached to the declaration are revised redacted versions of Exhibits 14 and 16 to Largan's Reply in Support of Its Motion for Leave to Amend Infringement Contentions, which Largan had redacted in their entirety.  (The Court notes that the revised redacted versions were not accompanied by unredacted versions with the text sought to be redacted marked.  The Court directs the parties to include such unredacted versions with all redacted documents filed in the future.  In addition, the Court directs parties filing a declaration in support of a motion to seal to submit a proposed order in Word format to jdpo@cand.uscourts.gov when the declaration specifies the portions to be sealed with greater particularity than the motion.)  Third-party Apple Inc. ("Apple") also submitted a declaration seeking to establish that the remainder of the

designated material is sealable.  Dkt. No. 93.

## I.  GOVERNING STANDARD

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it.  *Id*. at 1180 (citations omitted).  When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal."  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different.  There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Kamakana*, 447 F.3d at 1179-80 (citations omitted).  Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Id*. at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id*.

2

## II.  DISCUSSION

This sealing request relates to a reply in support of a motion to amend infringement contentions, which is not a dispositive motion.  As a result, the "good cause" standard is appropriate.

The information that Genius seeks to seal falls into three categories.  The first consists of non-public internal model numbers for Genius's products.  Dkt. No. 93 ¶ 4.  Genius seeks to seal portions of Largan's Reply in Support of Its Motion for Leave to Amend Infringement Contentions as well as portions of Exhibits 15, 16, 17, and 18 on this basis.  *Id.*  Genius asserts that this information "would allow individuals to gain insight into Genius's design and business practices, and may harm Genius's ability to compete in the optical lens marketplace."  *Id.*  As the Court explained at the October 16, 2014, claim construction hearing, this assertion is quite conclusory.  Genius does not explain how, exactly, its ability to compete in the marketplace would be harmed if its internal model numbers came to be publicly known.  The Court will provisionally deny Largan's motion to seal with respect to this first category and give Genius a week from the date of this order to file a new declaration from an employee who works in a business (not legal) capacity establishing with particularity why its internal model numbers are sealable.  (Genius may file a single declaration that addresses each of the administrative motions to seal where this category of information is at issue.)

The second category consists of information about the Apple end products in which Genius's lens products are or may be incorporated and Apple internal code names for Genius's lens products.  Dkt. No. 93 ¶ 5.  According to Genius, Apple, a third-party, has designated this information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and Trade Secrets.  Dkt. No. 63.  Apple has filed a declaration seeking to establish that the material is sealable.  Dkt. No. 104.  According to Apple, the material in question is confidential and was produced to Genius subject to a February 2012 non-disclosure agreement.  Apple asserts that its disclosure could harm Apple's ability to compete in the marketplace.  Dkt. 104 ¶ 4.  But Apple provides no particularized and non-conclusory reason why its internal code names for Genius's

1    lens products would harm Apple's ability to compete in the marketplace.  As with Genius's own

2    internal code names, the Court will provisionally deny Largan's motion to seal with respect to

3    Apple's internal code names for Genius's products and give Apple a week from the date of this

4    order to file a new declaration from an employee who works in a business (not legal) capacity

5    establishing with particularity why they are sealable.  (Apple may likewise file a single declaration

6    with respect to all of the administrative motions to seal.)  As an aside, Apple is directed to use the

7    initials "-JD" after the case number in its caption.

8        The third category of information consists of information about Genius's products,

9    including the number of lens elements in particular Genius lens products, as well as information

10   reflecting Genius's non-infringement positions in this case.  Dkt. No. 93 ¶ 6.  Genius asserts that

11   this information is confidential and that its disclosure could harm Genius's ability to compete in

12   the optical lens marketplace.  *Id.*  The Court finds that Genius has not shown good cause to seal

13   the portions of Exhibit 14 that are redacted in Exhibit B to its declaration.  Dkt. No. 93, Ex. B.

14   The portions Genius wishes to seal are simply a list of claim elements that Genius believes it does

15   not infringe.  *See id.*  It should be evident to the parties that the Court will not entertain requests to

16   seal information as basic to the case as this.  If Genius's argument were taken to its logical

17   conclusion, even a complaint for patent infringement might be sealable, since it provides

18   information on the defendant's products by suggesting that the plaintiff believes that the products

19   meet every element of the asserted claims.  That way lies secret patent cases, which the Court is

20   not willing to countenance.  The motion to seal is therefore denied with respect to Exhibit 14 and

21   all similar information.

22       With respect to the remainder of the information in the exhibits, Genius seeks to seal only

23   portions of the exhibits to Largan's motion, rather than the exhibits in their entirety.  Genius has

24   submitted revised redacted versions of Exhibits 10 and 11 that redact only those portions that it

25   claims are sealable.  Dkt. No. 93, Exs. A, B.  The Court finds that good cause has been shown to

26   seal the second and third categories of material (apart from Apple's internal code names for

27   Genius's lens products and the claim elements that Genius claims are not infringed), and that the

28   minimal redactions sought by Genius and Apple are narrowly tailored to seek the sealing only of

United States District Court
Northern District of California

4

sealable material.

## III. CONCLUSION

The Court therefore grants in part Largan's Administrative Motion and orders sealing as follows:

| Document | Portion to Be Filed Under Seal |
|---|---|
| Exhibit 16 to Reply | Portions indicating the number of lens elements found in Genius's accused products |

As noted earlier, Genius and Apple are directed to file declarations establishing good cause to seal their internal model numbers. Largan may wait until the Court has considered the declarations and ruled before filing a revised redacted version, if necessary. If the Court decides that the internal model numbers are not sealable, then Largan will have seven days from the Court's decision to file its revised redacted versions.

**IT IS SO ORDERED**.

Dated: October 16, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

5