UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>　　　　Defendant. | Case No. 13-cv-02502-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART LARGAN'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 101 |

Plaintiff Largan Precision Co., Ltd. ("Largan") has filed an Administrative Motion to File Under Seal certain information in its Administrative Motion to Schedule Argument on Amendment Charting Genius Electronic Optical Co., Ltd.'s Lens Incorporated Into Apple iPhone 6 and iPhone 6 Plus with Largan's Pending Motion for Leave to Amend Infringement Contentions ("Administrative Motion to Schedule Argument") and its supporting exhibits. Dkt. No. 101. Largan claims that the motion and its exhibits contain information that has been designated as "Highly Confidential - Attorneys' Eyes Only." Dkt. No. 101-1 ¶ 3.

Pursuant to Civil Local Rule 79-5, defendant Genius Electronic Optical Co. ("Genius") submitted a declaration seeking to establish that some of the designated material is sealable. Dkt. No. 108. (Because this declaration provides additional detail on the portions to be sealed, the Court would find it helpful if it were to be accompanied by a new proposed order that provides this additional detail. The Court directs parties filing a declaration in support of a motion to seal in the future to submit a proposed order in Word format to jdpo@cand.uscourts.gov when the declaration specifies the portions to be sealed with greater particularity than the motion.) Third-party Apple Inc. ("Apple") also submitted a declaration seeking to establish that the remainder of the designated material is sealable. Dkt. No. 112.

## I. GOVERNING STANDARD

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id*. at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

## II. DISCUSSION

This sealing request relates to a motion to amend infringement contentions, which is not a

2

dispositive motion. As a result, the "good cause" standard is appropriate.

The information that Genius seeks to seal falls into three categories. The first consists of non-public internal model numbers for Genius's products. Dkt. No. 108 ¶ 4. Genius seeks to seal portions of Largan's Administrative Motion to Schedule Argument as well as portions of Exhibits 21, 22, 23, and 24 on this basis. *Id.* Genius asserts that this information "would allow individuals to gain insight into Genius's design and business practices, and may harm Genius's ability to compete in the optical lens marketplace." *Id.* As the Court explained at the October 16, 2014, claim construction hearing, this assertion is quite conclusory. Genius does not explain how, exactly, its ability to compete in the marketplace would be harmed if its internal model numbers came to be publicly known. The Court will provisionally deny Largan's motion to seal with respect to this first category and give Genius a week from the date of this order to file a new declaration from an employee who works in a business (not legal) capacity establishing with particularity why its internal model numbers are sealable. (Genius may file a single declaration that addresses each of the administrative motions to seal where this category of information is at issue.)

The second category consists of information about the Apple end products in which Genius's lens products are or may be incorporated and Apple internal code names for Genius's lens products. Dkt. No. 108 ¶ 5. According to Genius, Apple, a third-party, has designated this information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and Trade Secrets. Dkt. No. 63. Apple has filed a declaration seeking to establish that the material is sealable. Dkt. No. 112. According to Apple, the material in question is confidential and was produced to Genius subject to a February 2012 non-disclosure agreement. Apple asserts that its disclosure could harm Apple's ability to compete in the marketplace. Dkt. 112 ¶¶ 4-7. Apple provides no particularized and non-conclusory reason why its internal code names for Genius's lens products would harm Apple's ability to compete in the marketplace. As with Genius's own internal code names, the Court will provisionally deny Largan's motion to seal with respect to Apple's internal code names for Genius's products and give Apple a week from the date of this

3

1  order to file a new declaration from an employee who works in a business (not legal) capacity
2  establishing with particularity why they are sealable. (Apple may likewise file a single declaration
3  with respect to all of the administrative motions to seal.) The Court notes in passing that Apple's
4  declaration was not submitted within the four-day timeframe required by Civil Local Rule 79-
5  5(e)(1). Apple is directed to file its declarations in a timely fashion in the future. Apple is also
6  directed to use the initials "-JD" after the case number in its caption.

7  The third category of information consists of information about Genius's products,
8  including drawings of Genius lens products and printouts of information from ZEMAX files
9  (ZEMAX being a computer program commonly used in optical design) for Genius lens products.
10  Dkt. No. 108 ¶ 6. Genius asserts that this information is confidential and that its disclosure could
11  harm Genius's ability to compete in the optical lens marketplace. *Id.*

12  Genius seeks to seal only portions of the exhibits to Largan's motion, rather than the
13  exhibits in their entirety. The Court finds that good cause has been shown to seal the second and
14  third categories of material (apart from Apple's internal code names for Genius's lens products
15  and the claim elements that Genius claims are not infringed), and that the minimal redactions
16  sought by Genius and Apple are narrowly tailored to seek the sealing only of sealable material.

17  **III. CONCLUSION**

18  The Court therefore grants in part Largan's Administrative Motion and orders sealing as
19  follows:

| Document | Portion to Be Filed Under Seal |
|---|---|
| Largan's Administrative Motion | Page 1: ll. 8, 14, 18;<br>Page 2: ll. 6, 8, 11, 16, 20, 24, 26;<br>Page 3: ll. 24, 25;<br>Page 4: ll. 2, 4, 6, 9, 13, 14, 15, 17, 18, 19, 20, 21, 23, 24, 27;<br>Page 5: ll. 1, 2, 8, 9, 13<br>(These portions are sealable only where the information falls into the second and third categories of information sought to be sealed and is not an Apple internal code name for a Genius product.) |

| | |
|---|---|
| Exhibit 21 to Administrative Motion | p. 3, ll. 14-15;<br>Ex. I, pp. 1-43, as indicted in the public redacted version attached to the Declaration of John D. Esterhay, Dkt No. 101-5<br>(These portions are sealable only where the information falls into the second and third categories of information sought to be sealed and is not an Apple internal code name for a Genius product.) |
| Exhibit 22 to Administrative Motion | p. 6, as indicated in the public redacted version attached to the Declaration of John D. Esterhay, Dkt No. 101-7, but only where the information falls into the second and third categories of information sought to be sealed and is not an Apple internal code name for a Genius product. |
| Exhibit 23 to Administrative Motion | p. 7, as indicated in the public redacted version attached to the Declaration of John D. Esterhay, Dkt. No. 101-9, but only where the information falls into the second and third categories of information sought to be sealed and is not an Apple internal code name for a Genius product. |

As noted earlier, Genius and Apple are directed to file declarations establishing good cause to seal their internal model numbers. Largan may wait until the Court has considered the declarations and ruled before filing a revised redacted version, if necessary. If the Court decides that the internal model numbers are not sealable, then Largan will have seven days from the Court's decision to file its revised redacted versions.

**IT IS SO ORDERED**.

Dated: October 16, 2014

_____
JAMES DONATO
United States District Judge