UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>　　　　　Defendant. | Case No. 13-cv-02502-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GENIUS'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 107 |

Defendant Genius Electronic Optical Co. ("Genius") has filed an Administrative Motion to File Under Seal certain information in its opposition to plaintiff Largan Precision Co., Ltd.'s ("Largan's") Administrative Motion to Consolidate Argument on Proposed Second Amended Infringement Contentions with Scheduled Hearing on Largan's Pending Motion for leave to Serve First Amended Infringement Contentions ("Opposition to Administrative Motion to Schedule Argument") and supporting exhibits.  Dkt. No. 107.

Pursuant to Civil Local Rule 79-5(d)(1)(A), Genius submitted a declaration with its administrative motion seeking to establish that some of the material subject to the motion is sealable.  Dkt. No. 107-1.  Third-party Apple Inc. ("Apple") also submitted a declaration seeking to establish that the remainder of the material is sealable.  Dkt. No. 113.

**I.　GOVERNING STANDARD**

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006)

1  (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).
2  This standard presents a "high threshold," and "a 'good cause' showing will not, without more,
3  satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court
4  must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*,
5  658 F.3d 1150, 1162 (9th Cir. 2011).

6  The non-dispositive motion context is different. There, "the usual presumption of the
7  public's right of access is rebutted," the "public has less of a need for access to court records
8  attached only to non-dispositive motions," and the "public policies that support the right of access
9  to dispositive motions, and related materials, do not apply with equal force to non-dispositive
10  materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context,
11  materials may be sealed so long as the party seeking sealing makes a "particularized showing"
12  under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180 (quoting
13  *Foltz*, 331 F.3d at 1138).

14  In our district, in addition to meeting the applicable standard under *Kamakana*, all parties
15  requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement
16  that the request must "establish[] that the document, or portions thereof, are privileged, protectable
17  as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R.
18  79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable
19  material." *Id*.

20  **II. DISCUSSION**

21  This sealing request relates to a motion to amend infringement contentions, which is not a
22  dispositive motion. As a result, the "good cause" standard is appropriate.

23  The information that Genius seeks to seal falls into two categories. The first consists of
24  non-public internal model numbers for Genius's products. Dkt. No. 107-1 ¶¶ 3, 5- 9. Genius
25  seeks to seal portions of its Opposition to Administrative Motion to Schedule Argument, portions
26  of the Declaration of Laura Mullendore in Support of Genius's Opposition, and portions of
27  exhibits 18, 19, 20, and 22 to the Declaration of Laura Mullendore on this basis. *Id.* ¶¶ 3, 5-9.
28  Genius asserts that this information "would allow individuals to gain insight into Genius's design

2

1   and business practices, and may harm Genius's ability to compete in the optical lens marketplace."
2   *Id.* ¶ 3. As the Court explained at the October 16, 2014, claim construction hearing, this assertion
3   is quite conclusory. Genius does not explain how, exactly, its ability to compete in the
4   marketplace would be harmed if its internal model numbers came to be publicly known. The
5   Court will provisionally deny Genius's motion to seal with respect to this first category and give
6   Genius a week from the date of this order to file a new declaration from an employee who works
7   in a business (not legal) capacity establishing with particularity why its internal model numbers
8   are sealable. (Genius may file a single declaration that addresses each of the administrative
9   motions to seal where this category of information is at issue.)

10   The second category consists of information about the Apple end products in which
11   Genius's lens products are or may be incorporated as well as Apple's internal code names for
12   Genius's lens products. Dkt. Nos. 107-1 ¶¶ 4-9. According to Genius, Apple, a third-party, has
13   designated this information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under
14   the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential
15   Information and Trade Secrets. Dkt. No. 63. Apple has filed a declaration seeking to establish
16   that the material is sealable. Dkt. No. 113. According to Apple, the material in question is
17   confidential and was produced to Genius subject to a February 2012 non-disclosure agreement.
18   Apple asserts that its disclosure could harm Apple's ability to compete in the marketplace. Dkt.
19   No. 113 ¶¶ 4-6. Apple provides no particularized and non-conclusory reason why its internal code
20   names for Genius's lens products would harm Apple's ability to compete in the marketplace. As
21   with Genius's own internal code names, the Court will provisionally deny Genius's motion to seal
22   with respect to Apple's internal code names for Genius's products and give Apple a week from the
23   date of this order to file a new declaration from an employee who works in a business (not legal)
24   capacity establishing with particularity why they are sealable. (Apple may likewise file a single
25   declaration with respect to all of the administrative motions to seal.) Finally, Apple is directed to
26   use the initials "-JD" after the case number in its caption.

27   Genius seeks to seal only portions of the exhibits to its opposition, rather than the exhibits
28   in their entirety. The Court finds that good cause has been shown to seal the second category of

material (apart from Apple's internal code names for Genius's lens products), and that the minimal redactions sought by Genius and Apple are narrowly tailored to seek the sealing only of sealable material.

## III. CONCLUSION

The Court therefore grants in part Genius's Administrative Motion and orders sealing as follows:

| Document | Portion(s) To Be Sealed |
|---|---|
| Defendant Genius Electronic Optical Co., Ltd.'s Opposition to Plaintiff Largan Precision Co., Ltd.'s Administrative Motion to Consolidate Argument on Proposed Second Amended Infringement Contentions with Scheduled Hearing on Largan's Pending Motion for Leave to Serve First Amended Infringement Contentions | Page 3, ll. 3, 16, 17, 21, 25; Page 4, ll. 20, 27 (These portions are sealable only where the information is not a Genius internal model number or an Apple internal code name for a Genius product.) |
| Declaration of Laura Mullendore In Support of Defendant Genius Electronic Optical Co., Ltd.'s Opposition to Plaintiff Largan Precision Co., Ltd.'s Administrative Motion to Consolidate Argument on Proposed Second Amended Infringement Contentions with Scheduled Hearing on Largan's Pending Motion for Leave to Serve First Amended Infringement Contentions ("Mullendore Declaration") | Page 1, ll. 25, 26, 27; Page 2, l. 1 (These portions are sealable only where the information is not a Genius internal model number or an Apple internal code name for a Genius product.) |
| Exhibit 18 to Mullendore Declaration | Pages 1, 2, as indicated in the public redacted version attached to the Declaration of Laura Mullendore in Support of Genius's Administrative Motion (These portions are sealable only where the information is not a Genius internal model number or an Apple internal code name for a Genius product.) |
| Exhibit 19 to Mullendore Declaration | Page 2, as indicated in the public redacted version attached to the Declaration of Laura Mullendore in Support of Genius's Administrative Motion (These portions are sealable only where the information is not a Genius internal model number or an Apple internal code name for a Genius product.) |
| Exhibit 20 to Mullendore Declaration | Pages 2, 3, as indicated in the public redacted version attached to the Declaration of Laura Mullendore in Support of Genius's Administrative Motion (These portions are sealable only where the information is not a Genius internal model number or an Apple internal code name for a Genius product.) |

| Document | Portion(s) To Be Sealed |
|---|---|
| Exhibit 22 to Mullendore Declaration | Page 3, as indicated in the public redacted version attached to the Declaration of Laura Mullendore in Support of Genius's Administrative Motion<br>(These portions are sealable only where the information is not a Genius internal model number or an Apple internal code name for a Genius product.) |

As noted earlier, Genius and Apple are directed to file declarations establishing good cause to seal their internal model numbers. Genius may wait until the Court has considered the declarations and ruled before filing a revised redacted version, if necessary. If the Court decides that the internal model numbers are not sealable, then Genius will have seven days from the Court's decision to file its revised redacted versions.

**IT IS SO ORDERED**.

Dated: October 16, 2014

_____
JAMES DONATO
United States District Judge