UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>    Defendant. | Case No. 13-cv-02502-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART GENIUS'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 118 |

Defendant Genius Electronic Optical Co. ("Genius") has filed an Administrative Motion to File Under Seal certain information in its October 7, 2014, Discovery Letter Brief. Dkt. No. 118.

Pursuant to Civil Local Rule 79-5(d)(1)(A), Genius submitted a declaration with its administrative motion seeking to establish that some of the material subject to the motion is sealable. Dkt. No. 118-1. Third-party Apple Inc. ("Apple") also submitted a declaration seeking to establish that the remainder of the material is sealable. Dkt. No. 128.

**I.  GOVERNING STANDARD**

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court

must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**II. DISCUSSION**

This sealing request relates to a discovery letter brief, which is not a dispositive motion. As a result, the "good cause" standard is appropriate.

The information that Genius seeks to seal falls into two categories. The first consists of non-public internal model numbers for Genius's products. Dkt. No. 118-1 ¶¶ 3-4. Genius seeks to seal portions of its Discovery Letter Brief and Exhibits A and B to the brief on this basis. *Id.*. Genius asserts that this information "would allow individuals to gain insight into Genius's design and business practices, and may harm Genius's ability to compete in the optical lens marketplace." *Id.* ¶ 3. As the Court explained at the October 16, 2014, claim construction hearing, this assertion is quite conclusory. Genius does not explain how, exactly, its ability to compete in the marketplace would be harmed if its internal model numbers came to be publicly known. The Court will provisionally deny Genius's motion to seal with respect to this first category and give

Genius a week from the date of this order to file a new declaration from an employee who works in a business (not legal) capacity establishing with particularity why its internal model numbers are sealable. (Genius may file a single declaration that addresses each of the administrative motions to seal where this category of information is at issue.)

The second category consists of information about the Apple end products in which Genius's lens products are or may be incorporated as well as Apple's internal code names for Genius's lens products. Dkt. Nos. 118-1 ¶ 4. According to Genius, Apple, a third-party, has designated this information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and Trade Secrets. Dkt. No. 63. Apple has filed a declaration seeking to establish that the material is sealable. Dkt. No. 128. According to Apple, the material in question is confidential and was produced to Genius subject to a February 2012 non-disclosure agreement. Apple asserts that its disclosure could harm Apple's ability to compete in the marketplace. Dkt. No. 113 ¶¶ 4-6. Apple provides no particularized and non-conclusory reason why its internal code names for Genius's lens products would harm Apple's ability to compete in the marketplace. As with Genius's own internal code names, the Court will provisionally deny Genius's motion to seal with respect to Apple's internal code names for Genius's products and give Apple a week from the date of this order to file a new declaration from an employee who works in a business (not legal) capacity establishing with particularity why they are sealable. (Apple may likewise file a single declaration with respect to all of the administrative motions to seal.) The Court additionally notes that Apple did not file its declaration within the four-day timeframe required by Civil L.R. 79-5(e)(1). Apple is directed to file its declarations in a timely fashion in the future. Finally, Apple is directed to use the initials "-JD" after the case number in its caption.

Genius seeks to seal only portions of the exhibits to its opposition, rather than the exhibits in their entirety. The Court finds that good cause has been shown to seal the second category of material (apart from Apple's internal code names for Genius's lens products), and that the minimal redactions sought by Genius and Apple are narrowly tailored to seek the sealing only of sealable material.

### III. CONCLUSION

The Court therefore grants in part Genius's Administrative Motion and orders sealing as follows:

| Document | Portion(s) To Be Sealed |
|---|---|
| Defendant Genius Electronic Optical Co., Ltd.'s Discovery Letter re Email Search Requests | Portions of page 2, as indicated in the public redacted version attached to the Declaration of Laura Mullendore in Support of Genius's Administrative Motion, but only where the information is not a Genius internal model number or an Apple internal code name for a Genius product. |
| Exhibit A to Defendant Genius Electronic Optical Co., Ltd.'s Discovery Letter re Email Search Requests | Portions of pages 3-7, as indicated in the public redacted version attached to the Declaration of Laura Mullendore in Support of Genius's Administrative Motion, but only where the information is not a Genius internal model number or an Apple internal code name for a Genius product. |
| Exhibit B to Defendant Genius Electronic Optical Co., Ltd.'s Discovery Letter re Email Search Requests | Portions of pages 2-3, as indicated in the public redacted version attached to the Declaration of Laura Mullendore in Support of Genius's Administrative Motion, but only where the information is not a Genius internal model number or an Apple internal code name for a Genius product. |

As noted earlier, Genius and Apple are directed to file declarations establishing good cause to seal their internal model numbers. Genius may wait until the Court has considered the declarations and ruled before filing a revised redacted version, if necessary. If the Court decides that the internal model numbers are not sealable, then Genius will have seven days from the Court's decision to file its revised redacted versions.

**IT IS SO ORDERED**.

Dated: October 16, 2014

_____
JAMES DONATO
United States District Judge