UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>　　　　Defendant. | Case No.  13-cv-02502-JD<br><br>**ORDER GRANTING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF No. 118 |

In orders entered at ECF Nos. 135-41, the Court directed defendant Genius and non-party Apple to file declarations establishing with particularity that their model numbers or code names for Genius's lens products are sealable. In response, Genius withdrew its request to seal its model numbers in all instances where those model numbers appear on their own without reference to any Apple end products. ECF No. 145. Because the Court previously granted the parties' request to seal the Apple end products into which Genius's lenses are incorporated, this disposes of the motions to seal with respect to Genius's own internal model numbers.

Apple maintains its position that its own code names for Genius's model numbers are sealable, and has filed a declaration by Ayush Manu, a Procurement Manager in its Camera/Sensor Silicon Procurement group. Decl. of Ayush Manu ¶ 1, ECF No. 147-1.

**I.   GOVERNING STANDARD**

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that

1   presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006)
2   (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).
3   This standard presents a "high threshold," and "a 'good cause' showing will not, without more,
4   satisfy" it. *Id*. at 1180 (citations omitted). When ordering sealing in this context, the district court
5   must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*,
6   658 F.3d 1150, 1162 (9th Cir. 2011).

7   The non-dispositive motion context is different. There, "the usual presumption of the
8   public's right of access is rebutted," the "public has less of a need for access to court records
9   attached only to non-dispositive motions," and the "public policies that support the right of access
10  to dispositive motions, and related materials, do not apply with equal force to non-dispositive
11  materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context,
12  materials may be sealed so long as the party seeking sealing makes a "particularized showing"
13  under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1180 (quoting
14  *Foltz*, 331 F.3d at 1138).

15  In our district, in addition to meeting the applicable standard under *Kamakana*, all parties
16  requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement
17  that the request must "establish[] that the document, or portions thereof, are privileged, protectable
18  as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R.
19  79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable
20  material." *Id*.

21  **II. DISCUSSION**

22  Each of the sealing requests is directed to non-dispositive motions, as described in the
23  Court's original orders at ECF Nos. 135-41. As a result, the "good cause" standard is appropriate.
24  Apple's argument is essentially that its code names provide a second layer of defense if a
25  document containing confidential information about its products were to be improperly disclosed.
26  Decl. of Ayush Manu ¶ 7, ECF No. 147-1. For example, if a document that contained prices for
27  the lenses used in Apple's products were leaked, the use of code names would help prevent
28  suppliers and competitors from learning how much Apple paid for lenses from a given supplier.

1  *Id.* ¶ 8.  The Court finds that Apple has shown good cause to seal its code names for current

2  Genius accused products, especially given its status as a non-party.

3  The parties will refile the documents subject to the orders at ECF Nos. 135-41 within

4  seven days of this order, redacting only those portions that the Court has ruled are sealable.

5  **IT IS SO ORDERED**.

6  Dated: October 31, 2014

_____
JAMES DONATO
United States District Judge