John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Michael J. Engle, Bar No. 259476
MEngle@perkinscoie.com
John D. Esterhay, Bar No. 282330
Jesterhay@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA  92130-2594
Telephone:  858.720.5700
Facsimile:  858.720.5799

Attorneys for Plaintiff
LARGAN PRECISION CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD.,<br><br>          Plaintiff,<br><br>     v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>          Defendant. | Case No. CV-13-2502-JD<br><br>**PLAINTIFF LARGAN PRECISION CO., LTD.'S MOTION TO STRIKE EXPERT REPORT OF GEORGE BARBASTATHIS**<br><br>Date:          December 17, 2014<br>Time:         9:30 am<br>Place:        Courtroom 11, 19th Floor<br><br>Hon. James Donato |

# Table of Contents

Page

NOTICE OF MOTION ........................................................................................................... 1
STATEMENT OF RELIEF ................................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1
I.   INTRODUCTION ....................................................................................................... 1
II.  STATEMENT OF THE ISSUES TO BE DECIDED................................................ 2
III. STATEMENT OF RELEVANT FACTS ................................................................... 2
IV.  ARGUMENT ................................................................................................................ 2
     A.   Legal Standards for Striking Expert Testimony............................................ 2
     B.   Opinions Based on an Incorrect Claim Construction Should Be
          Stricken .............................................................................................................. 4
     C.   Theories Not Disclosed in Genius's Invalidity Contentions
          Should Be Stricken............................................................................................ 5
          1.   New Anticipation Theories Should Be Stricken ................................... 5
          2.   New Theory for Aperture Stop in Claim 1 of The '151
               Patent Based Upon Mihara '528 .......................................................... 6
          3.   New Theories for Negative Refractive Power in Claim 5
               of the '151 Patent Based Upon Koichi '649 and
               Sandback '401 ........................................................................................ 7
          4.   New Theory for $28.5<V1-V2<45.2$ in Claim 11 of
               the '454 Patent....................................................................................... 7
          5.   New Theory for $|V2-V3|<15$ in Claim 1 of the '224 Patent....................... 9
          6.   New Theory for $V1-V2>30$ in Claim 6 of the '224 Patent ....................... 9
          7.   New Theories for $TTL/ImgH<1.95$ in Claim 18 of
               the '454 Patent....................................................................................... 9
          8.   New Theory for $1.2<f/f1<1.6$ in Claim 8 of the '224
               Patent................................................................................................... 10
          9.   New Theory for Inflection Point in Claim 6 of the '768
               Patent................................................................................................... 11
          10.  New Theory for $0.28\leq f/f1-f/f4<1.5$ in Claim 1 of the '768
               Patent................................................................................................... 11
          11.  New Theory for $0.9<T23/CT2<2.0$ in Claim 4 of the '768
               Patent................................................................................................... 11
          12.  New Theories for $0.3<R1/R2<0.3$ in Claim 10 of the '768
               Patent................................................................................................... 12
          13.  New Theories for $1.80mm<TTL<3.20mm$ in Claim 21 of
               the '691 Patent..................................................................................... 12
          14.  Genius's Response to the New Theories............................................. 13
     D.   Tsai '709 Was Not Elected as Prior Art for '151 Patent..................................... 13
     E.   References Used Without Any Citation or Analysis ........................................ 14
     F.   Unidentified Additional References Should Be Stricken.................................... 14
V.   CONCLUSION .......................................................................................................... 15

LEGAL124064478.1

# Table of Authorities

**Cases**

*Avago Techs. Gen. IP Pte v. Elan Microelecs. Corp.*, No. C04-05385, 2007 WL
    2103896, at *2 (N.D. Cal. July 20, 2007) ............................................................................3, 6

*Chicago Merc. Exch., Inc. v. Tech. Research Grp.*, 782 F. Supp. 2d 667, 673
    (N.D. Ill. Apr. 29, 2011) .........................................................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ..................................................3

*Dynetix Design Sol'ns, Inc. v. Synopsys, Inc.*, No. C 11-5973, 2013 WL
    4537838, at *4 (N.D. Cal. Aug. 22, 2013) .........................................................................3, 4

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03–1431, 2006
    WL 1329997, at *4 (N.D. Cal. 2006) .....................................................................................3

*Hochstein v. Microsoft Corp.*, No. 04-73071, 2009 WL 2022815, at *1 (E.D.
    Mich. July 7, 2009) ................................................................................................................4

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir.
    2006) ..................................................................................................................................3, 4

*MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341, 2014 WL
    690161, at *5 (N.D. Cal. Feb. 21, 2014) .............................................................................3, 8

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F. 3d 1355, 1364 (Fed.
    Cir. 2006) ...............................................................................................................................2

**Statutes**

35 U.S.C. § 102 ..........................................................................................................................5, 14

**Rules**

Federal Rule of Evidence 702 ..........................................................................................................3

Patent Local Rule 3-3 ............................................................................................................ passim

Patent Local Rule 3-6 ..................................................................................................................2, 8

LEGAL124064478.1

# NOTICE OF MOTION

Plaintiff Largan Precision Co., Ltd. ("Largan") will appear before the Honorable James Donato on December 17, 2014 at 9:30 a.m. and move this Court to strike certain portions of the opening expert report of Defendant Genius Electronic Optical Co., Ltd.'s ("Genius") expert Dr. George Barbastathis ("Invalidity Report," Ex. 1).[1] This motion is based upon the accompanying memorandum of points and authorities and the Declaration of John D. Esterhay and its exhibits.

# STATEMENT OF RELIEF

Largan respectfully requests the Court strike certain portions of the Invalidity Report that violate this Court's orders and the Patent Local Rules. The Invalidity Report is improper where it (1) contradicts the Court's Claim Construction Order (D.I. 142); (2) presents new theories not disclosed in Genius's Invalidity Contentions ("Invalidity Contentions," Ex. 2.); and (3) relies upon references or portions of references not disclosed in Genius's Invalidity Contentions.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Largan seeks to strike portions of the Expert Report on Invalidity from Genius's expert Dr. George Barbastathis (the "Report"). To begin, the Report directly contradicts this Court's October 20, 2014 Claim Construction Order, seeking to continue arguing the indefiniteness of terms and phrases this Court has already expressly ruled are not indefinite merely because Genius's expert "disagrees" with the Court's conclusions. In addition, although Genius never moved to amend its Invalidity Contentions as expressly required by the Patent Local Rules, the Report attempts to introduce previously-undisclosed references and theories against the Patents-in-Suit. Genius has no basis for so blatantly flouting this Court's Rules and Orders, and allowing Genius to do so at this juncture would significantly prejudice Largan's ability to prepare its case. Although Largan asked Genius to withdraw the offending portions of the Report, Genius flatly refused. Accordingly, Largan respectfully requests the Court to strike the offending portions and hold Genius to the invalidity references and theories it disclosed in its Invalidity Contentions,

---

[1] Unless otherwise indicated, all exhibits are attached to the Declaration of John D. Esterhay.

while applying the Court's claim constructions.

II. STATEMENT OF THE ISSUES TO BE DECIDED

Whether Dr. Barbastathis' expert report should be stricken where it contradicts the Court's Claim Construction Order, or attempts to amend Genius's Invalidity Contentions.

III. STATEMENT OF RELEVANT FACTS

On December 9, 2013, Genius served its Invalidity Contentions pursuant to Patent Local Rule 3-3, wherein it disclosed its invalidity theories against the Patents-in-Suit. On February 4, 2014, pursuant to the Court's Scheduling Order (D.I. 30), Genius served its Preliminary Election of Asserted Prior Art (Ex. 4) which limited the prior art which Genius would rely upon.

On September 11, 2014, Largan served its Responses to Genius's Third Set of Interrogatories (Nos. 11-13), including a response to Genius's Interrogatory No. 11 on Largan's validity contentions. (Ex. 3.) In this response, Largan identified many claims or elements for which Genius had not identified any theory of invalidity, including many that are at issue in this motion. In eleven months since its Invalidity Contentions, and the two months since Largan's validity contention interrogatory response, Genius has never sought to amend its Invalidity Contentions to add new theories, nor has Genius otherwise attempted to make a timely showing of good cause as would be required under Patent Local Rule 3-6.

On October 20, 2014, the Court issued its Claim Construction Order. (D.I. 142.) The Court's Order expressly rejected Genius's arguments that certain terms were indefinite.

On November 5, 2014, Genius served Dr. Barbastathis's Expert Report on Invalidity.

IV. ARGUMENT

A. Legal Standards for Striking Expert Testimony

The Patent Local Rules are "designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F. 3d 1355, 1364 (Fed. Cir. 2006) (quotations omitted). In particular, Patent Local Rule 3-3 requires that invalidity contentions contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each

asserted claim or renders it obvious....;

(b) **Whether each item of prior art anticipates each asserted claim** or renders it obvious. If obviousness is alleged, *an explanation of why the prior art renders the asserted claim obvious*, including **an identification of any combinations of prior art** showing obviousness;

(c) A chart identifying *where specifically in each alleged item of prior art each limitation of each asserted claim is found*, …; and

(d) *Any grounds of invalidity based on* 35 U.S.C. § 101, *indefiniteness under 35 U.S.C. § 112(2)* or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

These disclosure requirements exist "to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03–1431, 2006 WL 1329997, at *4 (N.D. Cal. 2006). "The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* Any invalidity theories not disclosed pursuant to Patent Local Rule 3–3 are barred accordingly from presentation at trial (whether through expert testimony or otherwise). *E.g.*, *Avago Techs. Gen. IP Pte v. Elan Microelecs. Corp.*, No. C04-05385, 2007 WL 2103896, at *2 (N.D. Cal. July 20, 2007) ("Defendant is limited to the pinpoint citations disclosed in its FIC."), *aff'd*, 2007 WL 2433386 at *1 (N.D. Cal. Aug. 22, 2007); *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341, 2014 WL 690161, at *5 (N.D. Cal. Feb. 21, 2014) (striking expert report where the portion of prior art identified "differs considerably" from what was "disclosed under Patent Local Rule 3-3").

Furthermore, Federal Rule of Evidence 702 imposes a "basic gatekeeping obligation" on district courts to ensure that expert testimony is not only relevant but also reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). An expert's opinion must be sufficiently tied to the relevant facts and circumstances of the particular case at issue. *Id.* at 591. Incorrect statements of law, such as opinions on claim construction conflicting with the Court's construction, must be excluded as irrelevant and unreliable. *E.g.*, *Dynetix Design Sol'ns, Inc. v. Synopsys, Inc.*, No. C 11-5973, 2013 WL 4537838, at *4 (N.D. Cal. Aug. 22, 2013) ("Any expert testimony must adhere to the court's claim constructions and must not apply alternative claim constructions."); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (holding that district court did not abuse its discretion by excluding expert testimony based

on an incorrect claim construction).

### B. Opinions Based on an Incorrect Claim Construction Should Be Stricken

Dr. Barbastathis dedicates five pages of his Report to arguing that the "convex", "concave", and "refractive power" terms are indefinite. (Invalidity Report at 19-23, 9-10.) Genius made this same argument during claim construction. Yet on October 20, 2014, the Court's Claim Construction Order rejected this exact theory and found all of these terms were "not indefinite":

> Finally, the terms "lens element … having a [convex/concave] [object-side/image-side] surface," "wherein the … lens element has a [convex/concave] [object-side/image-side] surface," and "wherein an object-side surface of the … lens element is convex" **are not indefinite**.

(Docket No. 142 at 15 (emphasis added).)

> The Court finds that the "refractive power" terms **are not indefinite** because a person of ordinary skill in the art would know that the refractive power of a lens is to be measured at or near the optical axis.

(Docket No. 142 at 19 (emphasis added).) There is no ambiguity here. The Court's order has already rejected Dr. Barbastathis's exact argument. Yet Genius's expert flouts the Court's express order: "the Court instead adopted a construction that essentially rewrites the patents" and "rewriting a patent to make claim language reasonably certain to one of ordinary skill in the art is improper." (Report at 21.) "[T]he Court muddies its guidance" and "[t]he Court's instruction…is just a rephrasing of the unhelpful 'near'…" (*Id.* at 21-22.) "I respectfully disagree with the Court's interpretation." (*Id.* at 20.) Genius's blatant disregard of the Court's Claim Construction Order is improper, and it is well-settled law that expert opinions based on incorrect claim constructions should be stricken as irrelevant and unreliable. *E.g.*, *Dynetix*, 2013 WL 4537838, at *4 ("Any expert testimony must adhere to the court's claim constructions and must not apply alternative claim constructions."); *Liquid Dynamics*, 449 F.3d 1209, 1224 n.2 (holding district court did not abuse its discretion by excluding expert testimony based on an incorrect claim construction); *Chicago Merc. Exch., Inc. v. Tech. Research Grp.*, 782 F. Supp. 2d 667, 673 (N.D. Ill. Apr. 29, 2011) ("Exclusion [of expert testimony] is proper ... because evidence based upon a mistaken construction of a patent is irrelevant."); *Hochstein v. Microsoft Corp.*, No. 04-73071, 2009 WL 2022815, at *1 (E.D. Mich. July 7, 2009) (excluding expert testimony that conflicted

with the court's claim construction).

In meeting and conferring on this issue, Genius provided only two reasons for not withdrawing this portion of its report. First, Genius argued that even if the Court's construction applied, the Court's construction was indefinite. Yet as discussed above, the Court already expressly found these terms "*are not indefinite*." (D.I. 142 at 15, 19.) Genius may not like the Court's claim construction order, but it cannot simply ignore it. Second, Genius argues that indefiniteness has "factual underpinnings" and that new facts came to light in recent depositions. This argument falls flat, however, because Dr. Barbastathis's report does not cite *any* depositions in his discussion of indefiniteness and does not even list any depositions in his materials considered. Even if Genius wanted to introduce new evidence for claim construction, it would be precluded from doing so because claim construction discovery closed eight months ago. Patent Local Rule 4-4 expressly requires that "the parties shall complete all discovery relating to claim construction, *including any depositions with respect to claim construction* of any witnesses" and "*including experts*" not later than 30 days after the Joint Claim Construction & Prehearing Statement, which was filed on February 4, 2014. (D.I. 35.) Notably, Genius did not seek to take *any* depositions during claim construction discovery. Genius's attempted introduction of a claim construction expert now is especially inappropriate because (1) Genius already told the Court that "[t]he parties have agreed that no expert witnesses will be used for claim construction" (D.I. 35 at 8), and (2) the Court already denied Genius's attempt to belatedly introduce expert testimony for claim construction, stating unequivocally: "No expert testimony is permitted." (D.I. 66 at 2.)

### C. Theories Not Disclosed in Genius's Invalidity Contentions Should Be Stricken

Dr. Barbastathis's Report also advances numerous theories that were not disclosed in Genius's Invalidity Contentions. Under the Patent Local Rules, such expert testimony is improper, and should be stricken. Each new theory is addressed below.

#### 1. New Anticipation Theories Should Be Stricken

Patent Local Rule 3-3(b) requires that invalidity contentions expressly identify any claims believed to be anticipated under 35 U.S.C. § 102. In line with this requirement, Genius's

Invalidity Contentions unambiguously stated, "Prior art references listed in Exhibit B under the title 'Primary References' should be construed as anticipatory if the label '§ 102' is included after the Short Citation, and *should otherwise be construed as obviousness-type references*." (Invalidity Contentions at 5 (emphasis added), Ex. B.) Thus, Genius instructed Largan that references *not* labeled "§ 102" in Exhibit B should "be construed as obviousness-type references." In Exhibit B of Genius's Invalidity Contentions, the *only* claims labeled "§ 102" were claim 19 of the '454 Patent and claim 1 of the '151 Patent. (Invalidity Contentions Ex. B at 1, 3.)

Due to the Court-mandated reduction of claims, neither of those claims are still at issue in this case.[2] Thus, Genius's Invalidity Contentions did not identify *any* of the asserted claims as anticipated. Nevertheless, Genius's Invalidity Report repeatedly raises "anticipation" as a theory. (Invalidity Report at 86 ('454 claim 11), 89 ('454 claim 18), 103 ('224 claim 6), 106 ('224 claim 8), 75 ('454 generally), 90 ('224 generally), 107 ('768 generally), 133 ('691 generally); *see also* 6-7.) These anticipation theories were not disclosed in Genius's Invalidity Contentions, so they are improperly raised now, and should be stricken. *See, e.g.*, *Avago*, 2007 WL 2103896, at *1-2 (striking expert report's 35 U.S.C. § 112 theory for the '804 patent when defendant had only previously disclosed a § 112 theory for the '780 patent).

**2.    New Theory for Aperture Stop in Claim 1 of The '151 Patent Based Upon Mihara '528**

As can be seen below, Genius's Invalidity Contentions never mentioned the prior art reference[3] Mihara '528 as meeting the "aperture stop" limitation of claim 1 of the '151 Patent. (Invalidity Contentions, Ex. C1-3 at 5.)

| an aperture stop being located between an object to be photographed and the second lens element; in the optical lens system for taking image, the number of the lens elements with refractive power being limited to five. | Limitation disclosed in and/or rendered obvious by Secondary Reference: *See, e.g.*, Sandback '401 at Fig. 2, Fig. 3, 2:66-3:59; Park '665 at Fig. 25, Fig. 29; Kwon '111 at Fig. 1; Sano '854 at 4:15-25, Fig. 2, Fig. 5, Fig. 7, Fig. 9, Fig. 11, Fig. 13, Fig. 15, Fig. 17, Fig. 19, Fig. 21, Fig. 23, Fig. 25, Fig. 27; Tang '709 at Abstract |

---

[2] Some asserted claims do depend from claim 1 of the '151 Patent, but the parties agree invalidity can only be argued for asserted claims. Moreover, most of the offending anticipation arguments have nothing to do with the '151 Patent.
[3] Genius refers to prior art references by the name of the first inventor and the last three digits of the patent number.

Thus, Largan was surprised that Dr. Barbastathis's lead argument for this element was that Mihara '528 itself rendered this element obvious. (Invalidity Report at 58.) Indeed, the citation that Dr. Barbastathis gives for this new theory (Figure 3 of Mihara '528) is not identified *anywhere* under *any* claim in Genius's Invalidity Contentions. (Invalidity Contentions, Ex. C1-3.) When asked in the meet and confer, Genius agreed Mihara '528 was not listed for this element. In fact, Largan's September 11, 2014 interrogatory responses even expressly noted that "GSEO does not contend that Mihara '528 discloses this limitation," (Ex. 3, at 11), so if Genius wanted to introduce a new theory based upon Mihara '528 for this element, it should have done so months ago. Having failed to move for leave to amend as expressly required by the Local Patent Rules, Genius cannot now introduce a new theory for the very first time in its Report.

### 3. New Theories for Negative Refractive Power in Claim 5 of the '151 Patent Based Upon Koichi '649 and Sandback '401

Genius's Report attempts to combine Koichi '649 with Sandback '401 to address the "fifth lens element has negative refractive power" limitation of claim 5 of the '151 Patent. (Invalidity Report at 49-50.) Later, the Invalidity Report attempts to argue that Sandback '401 alone discloses this limitation. (*Id.* at 73.) Yet neither of these theories is addressed in Genius's Invalidity Contentions, wherein the *only* citation identified for this element is "Akinaga '704 at Abstract." (Invalidity Contentions, Ex. C1-2 at 4; Ex. C1-3 at 6.)

| 5. The optical lens system for taking image as claimed in claim 1, wherein the fifth lens element has negative refractive power, an Abbe number of the fourth lens element is V4, an Abbe number of the fifth lens element is V5, and they satisfy the relation: | *See* citations for Claim 1, *supra*.<br><br>Limitation disclosed in and/or rendered obvious by Secondary Reference:<br>*See, e.g.*, Akinaga '704 at Abstract |
|---|---|

Genius's Invalidity Contentions therefore failed to identify both the prior art reference and "where specifically in each alleged item of prior art each limitation of each asserted claim is found" as required by Patent Local Rule 3-3. As such, this new theory should be stricken.

### 4. New Theory for 28.5<V1-V2<45.2 in Claim 11 of the '454 Patent

Dr. Barbastathis attempts to argue that the Abbe number relationship in claim 11 of the '454 Patent is "anticipated" or rendered obvious by Park '665 alone, specifically 7:56-8:3. (Invalidity Report at 86.) This theory was never disclosed in Genius's Invalidity Contentions.

7

MOTION TO STRIKE
Case No. CV-13-2502-JD

LEGAL124064478.1

1  Genius's lack of any "anticipation" theory was addressed above.[4]  Genius's Invalidity Contentions
2  also never alleged obviousness of claim 11 based solely on Park '665.  (*See* Invalidity
3  Contentions, Ex. C2-1 at 10.)  To the contrary, Genius alleged obviousness based solely upon
4  Mori '105 and did not provide *any* citation to Park '665:

| 11. The imaging lens system according to claim 1, wherein the Abbe number of the first lens element is V1, the Abbe number of the second lens element is V2, and they satisfy the relation: $28.5 < V1 - V2 < 45.2$. | *See* citations for Claim 1, *supra*.<br><br>Limitation disclosed in and/or rendered obvious by Secondary Reference:<br>*See, e.g.*, Mori '105 at Fig. 4, Fig. 10, Fig. 14, Fig. 16, Fig. 18, 2:61-3:5, 6:8-18, 8:36-60 |
|---|---|

Genius's generic statement "*See* citations for Claim 1, *supra*" presumably addressed the claim element "The imaging lens system according to claim 1," yet even if considered for the rest of claim 11, that generic statement fails to support Dr. Barbastathis's new theory because Genius's Invalidity Contentions for claim 1 never identify Dr. Barbastathis's citation to 7:56-8:3 of Park '665, nor anything like it.  (*Id.* at 9.)  In fact, none of Genius's Invalidity Contention citations to Park '665 for claim 1 mention Abbe numbers.  As a result, Genius's Invalidity Contentions did not disclose any theory of invalidity for claim 11 of the '454 Patent based upon Park '665 alone.

Patent Local Rule 3-3 expressly requires "an explanation of why the prior art renders the asserted claim obvious" and "identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found."  Here, Genius did neither, despite the fact that Largan's September 11, 2014 interrogatory responses reminded Genius that "GSEO does not assert this element is met by Park '665."  (Ex. 3, at 22.)  To the extent Genius wanted to add a theory based on Park '665, Genius could have sought leave from the Court to amend its Invalidity Contentions, as required by Patent Local Rule 3-6.  Having failed to do so, however, Genius's expert should be prohibited from relying upon such a previously-undisclosed theory.  *E.g.*, *MediaTek*, 2014 WL 690161, at *4 (striking use of an obviousness reference against a claim because the invalidity contentions did not identify the reference against that claim).

---

[4] Park '665 alone cannot possibly anticipate claim 11 because Dr. Barbastathis agrees that Park '665 fails to disclose "at least one of the object-side and image-side surfaces thereof being aspheric" as required by claim 1, from which claim 11 depends.  (Invalidity Report at 81.)  The lack of a claim element means only obviousness can apply, not anticipation.  Thus, Largan is even more perplexed why Genius refuses to withdraw its "anticipation" theory.

### 5. New Theory for |V2-V3|<15 in Claim 1 of the '224 Patent

Dr. Barbastathis attempts to introduce a similar new theory for the obviousness of the Abbe number relationship "|V2-V3|<15" in claim 1 of the '224 Patent based upon Park '665, specifically 7:56-8:3 and 8:4-6. (*See* Invalidity Report at 99-100.) In its Invalidity Contentions, however, Genius never disclosed this theory, nor anything like it. (*See* Invalidity Contentions, Ex. C3-1 at 13.) In fact, for this element, the Invalidity Contentions only cited "27:25-28:67, Fig. 29," which address Park's fifteenth embodiment, not the Abbe number ranges the Report now attempts to introduce for the first time. (*Id.*) Once again, Genius has been aware of this deficiency since at least Largan's September 11, 2014 interrogatory responses (Ex. 3, at 26-27):

> The cited portions of Park '665 fail to disclose at least the limitation "|V2-V3|<15". GSEO does not identify any secondary references for this limitation, and GSEO provides no theory or evidence why this element would be obvious based upon the cited portions of Park '665 alone. For example, GSEO has provided no motivation to modify the cited portions of Park '665, nor any evidence that such modifications would not affect other elements.

Nevertheless, Genius never sought leave to amend as required by the Local Patent Rules, and therefore should not be allowed to do so unilaterally in the Report.

### 6. New Theory for V1-V2>30 in Claim 6 of the '224 Patent

Dr. Barbastathis attempts to introduce a similar new theory for the Abbe number relationship in claim 6 of the '224 Patent which was never identified in Genius's Invalidity Contentions. (*Compare* Invalidity Report at 103, *with* Invalidity Contentions, Ex. C3-1 at 13.) None of Genius's Invalidity Contention citations to Park related to the conditions Dr. Barbastathis now opines on, nor did Genius's Invalidity Contentions ever provide "an explanation of why the prior art renders the asserted claim obvious" as required by Patent Local Rule 3-3(b), even though Largan called this to Genius's attention in its September 11, 2014 interrogatory responses. (Ex. 3, at 27.) Accordingly, this new theory should also be stricken.

### 7. New Theories for TTL/ImgH<1.95 in Claim 18 of the '454 Patent

Dr. Barbastathis also attempts to introduce new theories against claim 18 of the '454 Patent that were never disclosed in its Invalidity Contentions. (*See* Invalidity Contentions, Ex. C2-1 at 11.) In particular, the Report attempts to argue that claim 18 is anticipated or rendered obvious

based solely upon Park '665. (Invalidity Report at 88-89.) As above, Genius's Invalidity Contentions never asserted that claim 18 was anticipated—nor could it, given that Dr. Barbastathis admits Park '665 is missing an element from claim 1, from which claim 18 depends. (*Id.* at 81.)

Turning to obviousness, neither Genius's new TTL theory nor its new ImgH theory were disclosed for Park '665 in its Invalidity Contentions. To the contrary, the only citations to Park '665 in Genius's Invalidity Contentions for this element relate to the existence of a CMOS or CCD image sensor. (*Compare* Report at 88-89, *with* Invalidity Contentions, Ex. C2-1 at 11.) Again, Largan's September 11, 2014 interrogatory responses and even expressly warned Genius, "The only cited portions of Park '665 never even mention TTL or ImgH, let alone meet the claimed formula." (Ex. 3, at 26.) Having never sought leave to amend its Invalidity Contentions, Genius cannot now in its Report introduce new theories attempting to fix these deficiencies.

### 8. New Theory for 1.2<f/f1<1.6 in Claim 8 of the '224 Patent

For claim 8 of the '224 Patent, Dr. Barbastathis attempts to introduce a new obviousness theory based upon "f1/f" conditions and other embodiments in Park '665 which were never disclosed, explained, or even cited in Genius's Invalidity Contentions. (*Compare* Invalidity Report at 105, *with* Invalidity Contentions, Ex. C3-1 at 13.) As can be seen from Genius's Invalidity Contentions below, the contentions provide neither the citations (7:1-16, 25:12-13, 25:16) nor the theory that Dr. Barbastathis now advances:

| | |
|---|---|
| 8. The imaging lens system according to claim 7, wherein f and f1 satisfy the relation: 1.2<f/f1<1.6. | *See* citations for Claim 7, *supra*.<br><br>Limitation disclosed in and/or rendered obvious by Primary Reference:<br>*See, e.g.*, Park '665 at 27:25-28:67, Fig. 29 |

Yet again, Largan's September 11, 2014 interrogatory response informed Genius that "the cited portions of Park '665 also fail to disclose at least the limitation '1.2<f/f1<1.6'" and "GSEO provides no theory or evidence why this element would be obvious based upon the cited portions of Park '665 alone. For example, GSEO has provided no motivation to modify the cited portions of Park '665." (Ex. 3, at 28.) Nevertheless, Genius never moved for leave to amend. As such, it cannot now do so for the first time in its expert report.

### 9. New Theory for Inflection Point in Claim 6 of the '768 Patent

For claim 6 of the '768 Patent, Dr. Barbastathis attempts to introduce a new theory that, because Shinohara '829 discusses an inflection point on the *fifth* lens element, therefore it would have been obvious to modify Kwon '111 "for a similar correction for the *third* lens." (Invalidity Report at 124 (emphasis added).) Nowhere is this theory of adapting a teaching for a fifth lens element into a third lens element ever disclosed in Genius's Invalidity Contentions. Indeed, Genius's Invalidity Contentions never identify the only paragraph of Shinohara '829 that Dr. Barbastathis now relies upon (i.e., ¶ 105). (Invalidity Contentions, Ex. C4-1 at 18.) Thus, Genius failed to disclose any theory adapting Shinohara '829's fifth lens element for Kwon '111's third lens element. And yet again, Genius never moved to amend despite Largan's interrogatory response of September 11, 2014 stating this element was missing. (Ex. 3, at 34.)

### 10. New Theory for $0.28 \leq f/f1-f/f4 < 1.5$ in Claim 1 of the '768 Patent

The Invalidity Report attempts to introduce a new theory for claim 1 of the '768 Patent regarding the value of $f/f1-f/f4$, specifically quoting 3:37-44 and arguing how a person of ordinary skill would interpret that passage. (Invalidity Report at 118.) Genius's Invalidity Contentions, however, never explained any theory of obviousness based upon this passage as required by Patent Local Rule 3-3(b). (Invalidity Contentions, Ex. C4-1 at 17.) To the extent Genius argues that it generically cited four columns of text for this element, that fails to meet the specificity requirement of Patent Local Rule 3-3(c) or the "explanation" requirement of Patent Local Rule 3-3(b). This is further evidenced by the fact Genius cites the *same* four columns ("2:27-5:47") for *every* element of claim 1. Generically citing four whole columns of text should not provide Genius with cover to advance an entirely new theory now.

### 11. New Theory for $0.9 < T23/CT2 < 2.0$ in Claim 4 of the '768 Patent

The Report attempts to rely on the same passage (3:37-44) for claim 4 of the '768 Patent on a completely unrelated formula "$0.9<T23/CT2<2.0$." (Invalidity Report at 123.) The introduction of this new theory is improper for the same reason as above. (Invalidity Contentions, Ex. C4-1 at 18.) Moreover, the fact that Dr. Barbastathis argues this passage applies to two completely unrelated parameters (i.e., $f/f1-f/f4$ and $T23/CT2$) highlights how generic the quoted

passage is. Given that it does not discuss either focal lengths or thicknesses, Largan had no reason to know or suspect Genius would base an obviousness theory upon it. This is further emphasized by the fact that instead of describing this particular passage in Kwon '111, Genius's Invalidity Contentions instead argued claim 4 of the '768 Patent is rendered obvious by an entirely different reference (Shinohara '829). (*Id.*) This previously-undisclosed theory should be stricken.

### 12. New Theories for 0.3<R1/R2<0.3 in Claim 10 of the '768 Patent

For claim 10 of the '768 Patent, the Invalidity Report attempts to introduce not only a new theory based upon the same generic passage from Kwon '111 (3:37-44) but also a random example of arbitrary forced values that is neither identified nor explained in Genius's Invalidity Contentions. (*Compare* Invalidity Report at 131-32, *with* Invalidity Contentions, Ex. C4-1 at 19.) For example, nowhere do Genius's Invalidity Contentions mention the arbitrary values of f=3.0, f1=2.0, or f4=2.8. Nor does Kwon '111 ever mention those specific values. Even Dr. Barbastathis's Report never explains where those numbers come from. Thus, Genius has no basis for alleging a theory of obviousness based upon this unexplained example.

Similarly, Genius attempts to argue obviousness of L1R1/L1R2 based upon a theory related to L3R1/L3R2. (Invalidity Report at 132.) Yet nowhere is this theory disclosed in Genius's Invalidity Contentions. (Invalidity Contentions, Ex. C4-1 at 19.)

Largan told Genius this element was not disclosed on September 11, 2014, (Ex. 3, at 35), yet Genius never sought leave to amend. As such, all of these new theories should be stricken.

### 13. New Theories for 1.80mm<TTL<3.20mm in Claim 21 of the '691 Patent

For claim 21 of the '691 Patent, the Invalidity Report argues for three separate references (Shinohara '611, Sano '133, and Tsai '709 ) that "when a patent claims a range and the prior art discloses values slightly outside the lower and upper limits of the claimed range, absent a showing of unexpected results, the values within the claimed range are obvious." (Invalidity Report at 143, 157, 170.) Nowhere is this theory or an explanation of its basis provided in Genius's Invalidity Contentions. (*See* Invalidity Contentions, Ex. C5-1 at 21; Ex. C5-2 at 23; Ex. C5-4 at 26.) To the contrary, the only thing Genius disclosed were citations to references which—when Largan itself went out of its way to do a calculation and analysis of TTL—failed to meet the claimed range.

1  Indeed in some cases, the calculation from the cited reference resulted in more than 220% of the
2  allowed limit.  The point of Invalidity Contentions is to prevent Largan from having to guess at
3  what Genius's obviousness theories are.  Thus, because Genius's Invalidity Contentions failed to
4  provide any explanation of this new obviousness theory, it is precluded from arguing it here under
5  Patent Local Rule 3-3(b).

### 14. Genius's Response to the New Theories

In the meet and confer process on this issue, Genius stated for all these new theories that they were merely "evidentiary examples" or "complimentary proof."  Yet as the Court can see from the discussion above, these are not situations where Genius is merely citing additional portions of the same reference that say the same thing.  Rather, Genius is citing *entirely new* references for certain elements or crafting an *entirely new* theory that was never previously explained in its Invalidity Contentions.

The Patent Local Rules are designed to force parties to crystallize their theories early in the case, not to leave the other side guessing.  Genius chose the references and theories in its Invalidity Contentions, and Genius deliberately chose not to seek leave to amend those Invalidity Contentions even after Largan identified all the claim limitations those contentions were missing.  Genius must now live with its decisions, and should not be allowed to introduce entirely new theories for the first time in its Report.

### D. Tsai '709 Was Not Elected as Prior Art for '151 Patent

Genius did not identify U.S. Patent Application Publication No. 2010/0097709 to Tsai ("Tsai '709") in either its Preliminary Election of Prior Art (Ex. 4, at 2) or its Final Election of Prior Art (Ex. 5, at 2) against the '151 Patent.  Despite Tsai '709's complete omission, Genius's Report still attempts to allege obviousness of the '151 Patent based upon Tsai '709.  (Invalidity Report at 34, 35, 45, 46, 60.)  The fact that Genius elected to use Tsai '709 for the '224 and '691 Patents but not for the '151 Patent underscores the fact that Genius clearly knew about this reference at the time of its prior art election, and yet Genius deliberately chose not to use this reference against the '151 Patent.  Accordingly, it is improperly cited in the Invalidity Report with

regard to claim 1 of the '151 Patent, and should be stricken. *See, e.g.*, *MediaTek*, 2014 WL 690161, at *4 ("Because Freescale never identified Bhuyan against Claim 5, it is barred under Local Rule 3–3 from doing so now."). Based upon its Final Election of Prior Art (served tonight), Genius appears to agree that Tsai '709 cannot be used against the '151 Patent. Nevertheless, since Tsai '709 was not in Genius's Preliminary Election of Prior Art for the '151 Patent yet Genius still attempted to include it in its Report, Largan seeks an order from the Court that Genius may not rely upon Tsai '709 for the '151 Patent.

### E.  References Used Without Any Citation or Analysis

For the '151 Patent, the Invalidity Report generically identifies certain patent or publication numbers without providing any specific citations to it or any other analysis of those references. For example, on pages 34, 45, and 60, the Invalidity Report states:

> Examples include U.S. Patent No. 7,710,665 to Park ("Park '665"), U.S. Patent No. 8,503,111 to Kwon ("Kwon '111"), U.S. Patent No. 7,755,854 to Sano ("Sano '854"), and U.S. Patent Application Publication No. 2010/0097709 to Tsai ("Tsai '709").

While many of these references are discussed in more detail for *other* Patents-in-Suit, no further discussion of them is provided for the '151 Patent section of the Report. Largan should not be left to guess at which portion of a reference Genius believes is relevant or what Genius's theory for combining particular references is. Genius's failure to provide ***any*** specific citation or discussion is especially prejudicial for combinations which were not disclosed in Genius's invalidity contentions or election of prior art, such as the example of using Tsai '709 against the '151 Patent discussed above. Genius's reliance upon these references without providing any specific citations or explanation of its theories therefore is improper and should be stricken.

### F.  Unidentified Additional References Should Be Stricken

For each patent, after identifying more than half a dozen secondary, unexplained references, the Report states: "It is my opinion that, in addition to the specific references and combinations discussed in detail below, any single reference or combination of prior art references listed in this section that includes all the limitations of a given asserted claim of the ['151, '454, '224, '768, or '691] Patent would anticipate under § 102 or render the claim obvious under § 103." (Invalidity Report at 27, 75, 90, 107, 133.) Thus, Dr. Barbastathis appears to be

14  
MOTION TO STRIKE  
Case No. CV-13-2502-JD

1   arguing that "in addition to the specific references and combinations discussed below" that some
2   undisclosed and unexplained reference or combination also invalidates the Patents-in-Suit.  This
3   clearly is improper.  Patent Local Rule 3-3 requires that Genius identify *all* references and
4   combinations it believes invalidate the Patents-in-Suit.  Genius's Preliminary Election of Prior Art
5   and Final Election of Prior Art further limited the specific references and combinations on which
6   Genius can rely.  (Exs. 4 & 5.)  Therefore the Invalidity Report's discussions of unidentified
7   additional references should be stricken.  Indeed, in the meet and confer process, Genius appeared
8   to agree that it should be limited to only the references as listed on pages 4-6 of the Invalidity
9   Report, yet declined to withdraw the offending sentence above from the Report.  Largan therefore
10  seeks an order from the Court that Genius may not rely on any combinations not identified on
11  pages 4-6 of the Invalidity Report, and that Genius may not later introduce unidentified or
12  secondary references or combinations.

## V.   CONCLUSION

For the foregoing reasons, Largan respectfully requests that the Court grant Largan's motion to strike the portions of Genius's Invalidity Report discussed above.

Dated: November 7, 2014

Respectfully submitted,

**PERKINS COIE LLP**

By:  */s/ John D. Esterhay*
　　John P. Schnurer, Bar No. 185725
　　JSchnurer@perkinscoie.com
　　Joseph P. Reid, Bar No. 211082
　　JReid@perkinscoie.com
　　Michael J. Engle, Bar No. 259476
　　MEngle@perkinscoie.com
　　John D. Esterhay, Bar No. 282330
　　Jesterhay@perkinscoie.com
　　PERKINS COIE LLP
　　11988 El Camino Real, Suite 350
　　San Diego, CA  92130-2594
　　Telephone:  858.720.5700
　　Facsimile:  858.720.5799

Attorneys for Plaintiff
Largan Precision Co., Ltd.

LEGAL124064478.1