United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>    Defendant. | Case No. 13-cv-02502-JD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 268 |

On December 5, 2014, the Court granted in part Largan's motion to strike portions of the expert report of Dr. George Barbastathis for including invalidity theories not disclosed in the parties' infringement contentions. *See* Dkt. No. 208. Genius now moves for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9 on two of the theories that were stricken, claiming that "the Court manifestly failed to consider material facts or dispositive legal arguments which were presented to it before the order was entered." *See* Genius Proposed Motion for Reconsideration, Dkt. No. 268-1 at 2. In particular, Genius claims that "the Court simply missed where Genius had previously identified certain prior-art passages in its invalidity contentions." *See* Genius Motion for Leave to File Motion for Reconsideration, Dkt. No. 268 at 3.

The failure here is all on Genius's part. Genius's grounds for reconsideration are so weak that the Court has ample basis to summarily deny the motion for leave without further discussion. The Court issues this short opinion to explain why this motion is so poorly considered so that it is not asked again to devote time and resources to frivolous requests.

## I. DISCUSSION

### A. the Sandback '401 Reference for "Negative Refractive Power" Element of Claim 5 of the '151 Patent

Genius's argues that the Court was wrong to find that the Sandback '401 reference was not disclosed in its invalidity contentions for the "negative refractive power" element of claim 5 of the '151 patent. Claim 5 depends from claim 1, which recites the following:

> An optical lens system for taking image comprising, in order from the object side to the image side:
>
> a first lens element with positive refractive power having a convex object-side surface;
>
> a second lens element with negative refractive power;
>
> a third lens element with positive refractive power having a concave object-side surface and a convex image-side surface;
>
> a fourth lens element with positive refractive power;
>
> a fifth lens element with refractive power;
>
> and an aperture stop being located between an object to be photographed and the second lens element; in the optical lens system for taking image, the number of the lens elements with refractive power being limited to five.

'151 patent, claim 1. Claim 5 adds to this, among other things, the requirement that the fifth lens element have a *negative* refractive power:

> The optical lens system for taking image as claimed in claim 1, wherein the fifth lens element has negative refractive power, an Abbe number of the fourth lens element is V4, an Abbe number of the fifth lens element is V5, and they satisfy the relation: |V4-V5|<15.

'151 patent, claim 5. Genius did chart the Sandback '401 reference against claim 1 of the '151 patent. But the chart Genius included with its invalidity contentions comparing the claims of the '151 patent to the Sandback '401 reference and associated secondary references included only the following for claim 5 of the '151 patent:

| 5. The optical lens system for taking image as claimed in claim 1, wherein the fifth lens element has negative refractive power, an Abbe number of the fourth lens element is V4, an Abbe number of the fifth lens element is V5, and they satisfy the relation: |V4−V5|<15. | *See* citations for Claim 1, *supra*. |
|---|---|
| | Limitation disclosed in and/or rendered obvious by Secondary Reference: *See, e.g.*, Akinaga '704 at Abstract |
| | Limitation disclosed in and/or rendered obvious by Secondary Reference: *See, e.g.*, Koichi '649 at Fig. 1 embodiment |

Genius Invalidity Contentions, Ex. C1-4 at 8, Dkt. No. 268-4.

As Genius says in its proposed motion for reconsideration, because claim 5 depends from claim 1, "it necessarily includes all the limitations of Claim 1." Genius Motion for Reconsideration at 3, Dkt. No. 268-1. Thus, it goes on to say, "in order to avoid needlessly replicating the same analysis for limitations common to both Claim 1 and Claim 5, Genius's invalidity contentions for Claim 5 simply referenced back to the Claim 1 analysis: '*See* citations for Claim 1, *supra*.'" *Id.*

That is precisely how the Court interpreted Genius's chart. Genius's mistake is that the claim term at issue -- "the fifth lens element has negative refractive power" -- is not a limitation "common to both Claim 1 and Claim 5"; it is found in claim 5 only.

Genius tries to run for cover by contending that the citation of the Sandback '401 reference with respect to the "fifth lens element with refractive power" limitation of claim 1 "encompasses the derivative 'negative refractive power' limitation from dependent Claim 5." But that argument flies in the face of patent law and logic. A prior art reference can disclose that a particular lens element has refractive power but not *negative* refractive power. *See Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1123 (Fed. Cir. 2004) ("dependent claims are typically narrower and, by so being, are more likely to clearly distinguish the prior art"). Genius might have thought the Sandback '401 reference disclosed both, but if so, it neglected to say so in its invalidity contentions.

It is also worth noting that the argument Genius makes now is not the one it raised in response to Largan's motion to strike. There it relied on the obviously flawed argument that its invalidity contentions identified the Sandback '401 reference "as disclosing *a* lens element with 'negative refractive power'" -- presumably the "second lens element with negative refractive power" element of claim 1, because, as mentioned, claim 1 does not require the fifth lens element to have negative refractive power. Genius Opposition to Motion to Strike Barbastathis Expert Report at 6, Dkt. No. 175 (emphasis added). Mistakes in a brief are not grounds for reconsideration.

### B. The Park '665 Reference for "TTL/ImgH<1.95" Limitation of Claim 18 of the '454 Patent

Genius's request for reconsideration with respect to this reference is equally undeserving. Claim 18 of the '454 patent depends from claim 17, which recites "[t]he imaging lens system according to claim 1, wherein the aperture stop is disposed between the imaged object and the first lens element." Claim 18 then goes on to require that that imaging lens system "further compris[e] an electronic sensor on which an object is imaged, wherein an on-axis spacing between the object-side surface of the first lens element and the electronic sensor is TTL, half of the diagonal length of the effective pixel area of the electronic sensor is ImgH, and they satisfy the relation: TTL/ImgH<1.95."

Genius referenced the citations for claim 17 in its invalidity contentions chart for claim 18, evidently to assert those citations by reference against the limitations shared between claims 17 and 18.

| 18. The imaging lens system according to claim 17 further comprising an electronic sensor on which an object is imaged, wherein an on-axis spacing between the object-side surface of the first lens element and the electronic sensor is TTL, half of the diagonal length of the effective pixel area of the electronic sensor is ImgH, and they satisfy the relation: TTL/ImgH<1.95. | See citations for Claim 17, supra.<br><br>Limitation disclosed in and/or rendered obvious by Secondary Reference:<br>See, e.g., Park '665 at 6:43-47, 8:18-22; Kwon '111 at Abstract, Fig. 1; Shinohara '611 at 3:27-30, Fig. 4; Sano '133 at ¶ [0002]; Smith-1 at 211; Harting '035; Tronnier '659; CODE V at JAPAN PATENT 61_28972 860703, JAPAN PATENT 61_55087 861126, JAPAN PATENT 1_38282 890814 |

Genius Invalidity Contentions, Ex. C2-1 at 11.

As in the previous example, the claim limitation at issue -- "TTL/ImgH<1.95" -- is not one of the limitations shared between claims 17 and 18. Genius's attempt to claim that a citation it included for claim 17 -- the Park '665 reference at Fig. 25 -- was disclosed in its invalidity contentions with respect to the "TTL/ImgH<1.95" element in claim 18 fails.

Genius did not even raise the arguments it now advances in its original opposition. In fact, it did not address this specific deficiency at all in its invalidity contentions, claiming instead that because it disclosed the Park '665 reference with respect to some elements of some claims, Largan was "put on notice" that any portion of the Park '665 reference could be relied on with respect to any element of any claim. This is gamesmanship, not reasoned advocacy. *See Computer*

4

1  *Acceleration Corp. v. Microsoft Corp.*, No. 9:06-cv-140, 2007 WL 2584827, at *1 (E.D. Tex.
2  Aug. 28, 2007) ("Discovery is not a game in which each party plays a card and waits for the
3  opponent's and the court's response before deigning to release another.").
4      The motion is denied.
5      **IT IS SO ORDERED**.
6  Dated: December 19, 2014

_____
JAMES DONATO
United States District Judge