UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>Plaintiff,<br><br>v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>Defendant. | Case No. 13-cv-02502-JD<br><br>**ORDER STRIKING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND ASSOCIATED DECLARATIONS** |

The parties have buried the Court with administrative motions under Civil Local Rule 79-5 to seal documents. *See, e.g.*, Dkt. Nos. 210, 212, 216, 219-22, 225-26, 233-38, 241-65, 273, 281, 283, 285, 287, 290, 293, 296-04. The motions are too many in number and too hard to make sense of. To fix this situation, the Court strikes all the pending motions by all parties. The parties may file new motions that conform to the directions given here. The Court is aware that reply briefs for the pending summary judgment motions are due shortly. The Court expects that, in light of the limited scope of reply briefs, the parties will have very few, if any, documents to add to the motions to seal. If for some reason additional documents arise in the course of the replies, the parties should wait to file the motions to seal until after the reply is filed.

Here are the directions for the parties to follow:

(1) The sealing requests at issue are for summary judgment motions and motions to preclude expert testimony made in connection with summary judgment motions, which means the "compelling reasons" standard for sealing governs. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120-21 (9th Cir. 2012). Please ensure each document tendered for consideration meets that high standard.

1    (2)   For unopposed motions, the parties are ordered to file a joint brief covering all the requests. The parties may file separate briefs only for those documents for which there is a dispute about sealing.

(3)   The parties must submit declarations stating with particularity, and "without relying on hypothesis or conjecture," the factual bases that support the compelling reasons for sealing. *Kamakana*, 447 F.3d at 1179. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184. In particular, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013).

(4)   All documents proposed for sealing by any party must be collected in a freestanding binder with separate consecutive tab numbers for each document. Plaintiff, defendant and third-party documents must be combined in the binder. Do not submit binders on an individual-party basis. Each tab should contain an unredacted version of the document with the proposed redactions highlighted in yellow. Do not submit separate redacted and unredacted versions of the same document. Make sure the highlighting allows the Court to easily read the underlying text. If a party is proposing to redact an entire document, make a note on the first page of the document or in a footer on each page of the document and do not highlight the whole document. For long documents, include only the pages with portions that the party wishes to seal. Do not include any other materials in this booklet -- no arguments, declarations, or anything else.

(5)   The parties must provide a single joint proposed order in the table format specified in Civil Local Rule 79-5(d)(1)(B) as modified here: (i) the far left column should list the tab number for each document; (ii) the next column should specify the exact portions to be sealed; (iii) the next column should state succinctly the specific and particularized reason for sealing and give pin cites to the declaration paragraphs (including non-party declarations) supporting the compelling reasons to seal (e.g., "Non-public merger agreement draft. Smith Decl. ¶ 5."); and (iv) the rightmost column should provide a space for the Court to indicate whether the request is

1  denied or granted.

2        This order governs all motions to seal in this case from this date on.  Motions that do not
3  conform to this order will be summarily denied.

4        **IT IS SO ORDERED**.

5  Dated: December 23, 2014

6

7                                  _____
                                JAMES DONATO
                                United States District Judge