UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO, LTD,<br><br>  Plaintiff,<br><br>  v.<br><br>GENIUS ELECTRONIC OPTICAL CO., LTD.,<br><br>  Defendant. | Case No. 13-cv-02502-JD<br><br>**ORDER DIRECTING ENTRY OF PARTIAL JUDGMENT UNDER FRCP 54(B)** |

On March 31, 2015, the Court entered an order on the parties' cross-motions for summary judgment on infringement. Dkt. No. 422. The Court found that "all but a sliver" of the accused conduct and products -- optical lenses used in Apple and Motorola devices with cameras -- were rooted outside the territorial reach of the United States patent laws, and granted summary judgment of noninfringement in Genius's favor under 35 U.S.C. § 271(a). *Id.* In retrospect, "sliver" may have been an overly generous descriptor. The parties agreed that millions of lenses were sold overseas and fewer than 750 product samples were sent directly into the United States. Since that minute number of samples shipped to the United States fell within the purview of Section 271(a), and met the elements of Largan's patents, the Court granted summary judgment of infringement in Largan's favor. *Id.* The Court denied summary judgment on a subset of products -- the GS-8615 and GS-8627 lenses that were sold during limited time periods when Largan alleges that Genius knew it was the sole supplier of those lens designs. The Court found that fact disputes barred summary judgment on those products. *Id.*

Overall, the summary judgment order resolved most of Largan's infringement claims against it. What is left alive in the case are Largan's willfulness and injunctive relief claims, and Genius's defenses, for the smattering of samples brought into the United States and possibly the

GS-8615 and GS-8627 products. These remaining issues are less than even the proverbial the tail on the dog in terms of the potential damages at issue and when compared to the vast number of accused products being made and sold outside this country. Consequently, the Court directed the parties to address whether partial judgment should be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for the products on which the Court granted summary judgment of noninfringement. After considering the parties' arguments on this question, *see* Dkt. No. 427, 428, the Court orders entry of final judgment for those products.

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of judgment under Rule 54(b) is proper where there is: (1) a final judgment; and (2) the district court determines that there is no just reason for delay of entry. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980); *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861-62 (Fed. Cir. 1992). A final judgment is "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)).

In evaluating just reason for delay, the district court should consider the "judicial administrative interests" weighing against "piecemeal appeals" and "the equities involved." *Id.* at 8. An important consideration is whether an "appellate court would have to decide the same issues more than once . . . if there were subsequent appeals." *Id.* The district court should look to "the factual relatedness of [the] separate claims for relief . . . in deciding whether to exercise its discretion to certify an appeal." *W.L. Gore*, 975 F.2d at 864 (citing *Cold Metal Process v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956)).

## DISCUSSION

### A.  Finality of Judgment

The Court's grant of summary judgment of noninfringement is the ultimate disposition of liability with respect to the products it applies to. *See Home Diagnostics, Inc. v.*

2

*LifeScan Inc.*, 381 F.3d 1352, 1355 (Fed. Cir. 2004).  This is true despite Genius's as yet unadjudicated counterclaims of invalidity.  *See SafeTCare Mfg., Inc. v. Tele-Made, Inc.*, 497 F.3d 1262, 1266-67 (Fed. Cir. 2007); *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 829-30 (Fed. Cir. 2003); *W.L. Gore*, 975 F.2d at 863.

Largan argues against entry of partial judgment and contends that there has not been a final adjudication of any of Largan's claims because the Court granted summary judgment of infringement for the samples that Genius shipped directly into the United States.  The Court agrees that entry of Rule 54(b) judgment is not possible for the lenses held to infringe because issues of willfulness, validity, damages, and injunctive relief remain to be adjudicated.  *See Aspex Eyewear, Inc. v. Concepts in Optics, Inc.*, 153 F. App'x 730, 731 (Fed. Cir. 2005) (unpublished).  But this scant handful of products stands separate and apart from the huge volume of products that fall outside the territorial restrictions of the patent laws.  For this overwhelming majority of accused lenses, the Court found that the operative facts and governing law warranted summary judgment of noninfringement.  That decision has been signed and delivered, and does not call for any further work by the Court.  It is as final as final can be, and more than enough to support entry of a Rule 54(b) judgment, even if (now irrelevant) counterclaims remain pending.  *See W.L. Gore*, 975 F.2d at 863.

Although not clearly articulated, Largan appears to dispute the separateness of its infringement claims against the individual accused products and contends that the lenses shipped into this country and the lenses sold abroad together constitute a single "claim" for purposes of Rule 54(b) that has not been finally adjudicated.  That seems at least to be the implicit assumption underlying Largan's view that Rule 54(b) certification is not possible.  The cases that the Court has examined, however, show that the infringement allegations with respect to each product and allegedly infringing act constitute separate and distinct "claims" for purposes of Rule 54(b), and the Court's grant of summary judgment of noninfringement with respect to the vast majority of Genius's sales finally disposes of those claims, even if other claims against Genius's sales and acts of importation remain pending.  *See Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, No. 04-cv-00346, 2010 WL 4115427, at *6-7 (N.D. Ill. Oct. 18, 2010), *aff'd*, 683 F.3d 1356 (Fed. Cir. 2012)

(finding entry of Rule 54(b) judgment proper with respect to Cadbury commercial products but not Cadbury experimental products).

In *Pellegrini v. Analog Devices, Inc.*, the Federal Circuit confronted a situation very similar to the one here: the accused infringer sold and shipped most of the accused products outside the United States, but a small number of accused products were imported directly into the United States, including for testing purposes. *See* 375 F.3d 1113, 1115 & n.2 (Fed. Cir. 2004). The district court found that the foreign sales were extraterritorial activities outside the reach of the patent laws and entered Rule 54(b) judgment with respect to those products, leaving the infringement claims with respect to the imported products pending in district court. *See id.* The Federal Circuit accepted jurisdiction, indicating that the district court's noninfringement holding, despite being limited to the foreign sales, was final. *Id.*

Even more recently, the Federal Circuit decided an appeal in which the district court severed infringement allegations against HP as a seller of Canon products from infringement allegations against HP as a seller of Samsung products under Rule 21, *see In re Papst Licensing GmbH & Co. KG Litig.*, 967 F. Supp. 2d 63, 72 (D.D.C. 2013), and later ordered entry of a Rule 54(b) judgment with respect to noninfringement of (among other products) the latter, *see* 987 F. Supp. 2d 58, 62. *See In re Papst Licensing Digital Camera Patent Litig.*, 778 F.3d 1255, 1260 (Fed. Cir. 2015). Rule 21 allows a court to "sever any claim against a party," so the district court could only have severed HP's sales of Canon products if they constituted "claims" separate from HP's sales of Samsung products -- and not if the infringement allegation against HP's sales constituted one single, indivisible "claim."

The Court's conclusion is bolstered by looking to Federal Circuit law in the context of claim preclusion. *Cf. Houston Indus. Inc. v. United States*, 78 F.3d 564, 567-68 (Fed. Cir. 1996) (looking to res judicata cases to define bounds of a cause of action). The Federal Circuit has held that an adjudication of infringement with respect to infringing acts that predate the judgment is not claim preclusive as to infringing acts that take place afterwards, because the post-judgment infringing acts are separate claims that could not have been brought pre-judgment:

> a party who sues a tortfeasor is ordinarily not barred by a prior judgment from seeking relief for discrete tortious action by the same tortfeasor that occurs subsequent to the original action. That rule is

4

> based on the principle that res judicata requires a party to assert all claims that the party could have asserted in the earlier lawsuit; it follows that if the party could not have asserted particular claims -- because the tortious conduct in question had not occurred at that time -- those claims could not have been asserted and therefore are not barred by res judicata.

*Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1054 (Fed. Cir. 2014) (quoting *Aspex Eyewear Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1342-43 (Fed. Cir. 2012)).  The Court takes from this that each alleged act of infringement is a discrete tort giving rise to a separate claim that, if finally adjudicated, can form the basis for a Rule 54(b) judgment.  *See id.* ("Brain Life could not have asserted infringement claims against the products in question for acts of alleged infringement that postdate the final judgment in the MIDCO Litigation in the current litigation.").

Consequently, the Court concludes that the grant of summary judgment of noninfringement on the lenses sold into the Apple and Motorola supply chains is final and supports a Rule 54(b) judgment.

### B. Just Reason for Delay

The Court also finds no just reason for delay.  The disposition of the remaining claims will involve facts and legal theories wholly different from those on which the Court will enter Rule 54(b) judgment.   The Court granted summary judgment of noninfringement on the vast majority of lenses sold by Genius into the Apple and Motorola supply chains based on undisputed facts about those supply chains.  The remaining claims turn on unrelated issues -- whether Genius's shipments of samples directly into the U.S. gives rise to importation liability, whether Genius knew that it was the only supplier of certain lenses during certain time periods, and whether the asserted claims are invalid.  The risk that the Federal Circuit will be burdened with piecemeal appeals mushrooming from this case is zero.

The equities also favor entry of judgment.  Given the miniscule number of lenses remaining that Genius might be liable for, allowing them to hold up the rest of the case would "allow the tail to wag the dog." *Wm. Wrigley Jr. Co.*, 2010 WL 4115427, at *8.  Indeed, Largan agrees that "allow[ing] the parties to address the Court's ruling of non-infringement through appeal as soon as possible" is desirable, *see* Dkt. No. 427, but simply believes that entry of Rule 54(b) judgment is not possible.  The Court disagrees.  Moreover, once liability is resolved with

respect to the lenses the Court found noninfringing, the Court suspects a negotiated settlement with respect to the remaining lenses should pose few problems.

Largan also asks the Court to delay entering judgment because it says it is working on a motion for leave to file a motion for reconsideration "based, in part, on evidence produced by Genius after the close of summary judgment briefing that Genius improperly withheld as privileged." The Court sees no reason to do put this off. It has been over four weeks since the Court's order issued -- ample time for Largan to move, if indeed a motion is warranted. In any event, Largan has not suggested that "in the exercise of reasonable diligence [it] did not know" of the evidence it plans to rely on at the time of the March 31, 2015, summary judgment order, as Civil Local Rule 7-9(b)(1) requires a party moving for leave to show. Certainly it mentioned no such evidence at the March 19, 2015, hearing on the motion. Consequently, the Court will not delay entry of partial judgment to allow Largan to finish its motion for leave to file a motion for reconsideration.

## CONCLUSION

The clerk is directed to enter final judgment of noninfringement of U.S. Patent Nos. 7,826,151; 7,864,454; 8,233,224; 8,310,768; and 8,395,691 in favor of Genius and against Largan with respect to Genius's sales of accused products, except for any sales of the GS-8627 and GS-8615 products that were sold during time periods when Largan alleges Genius knew it was the sole supplier for those lenses. This judgment will be certified for immediate appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The case is otherwise stayed, except for any activities related to the previously-ordered settlement conference.

**IT IS SO ORDERED.**

Dated: April 29, 2015

_____
JAMES DONATO
United States District Judge